Nash, C. J.
 

 The plaintiff’s rignt to recover in this case is not denied. The only complaint is as to tho ruling of the Court upon the question of damages. IDs Honor instructed ‘the Jury, “ that there was no evidence upon which they could allow the plaintiff moro than nominal damages.” In. this, we think there is error. It is clearly not only within the province of, tho Court, but it is their duty, where there is no evidence upon a controverted point, so to inform the Jury; and in an action for a breach of contract, if the plaintiff fails to give any evidence to guide tho jury ip. the ascertainment of tho amount of damages to which he is entitled, ho cannot recover more than will carry his costs.;—
 
 *109
 
 But there was evidence in this case, by which a rule was given to the jury to direct their enquiry. By the contract, the defendant agreed to take the whole of the plaintiff’s cotton, at the nett price at which a load of the plaintiff’s cotton, then on its way to Petersburg, should bring. The defendant was to send for the cotton, but no particular time was specified within -which he was to send for it.
 

 This contract was made the last of April or the first of May, 1851'. On the 3d of June following, the defendant paid the plaintiff the price agreed upon ’for six bales of cotton which he had sent for, and then notified him he did not intend to take any of the balance of cotton, for the reason, that the plaintiff had already violated his contract. The load then on its way to Petersburg netted the plaintiff $9... 80 per hundred. By his notice to the plaintiff, the defendant repudiated the contract, and the plaintiff was under no obligation to keep the cotton on hand, but was at liberty to do so if he pleased. If he had done so, he might have sold it in Franklin, where the contract was made, and have recovered from the defendant the difference between the agreed price and what the cotton actually brought. If he had kept it, without selling it, he might'have brought abaction against the defendant, and he would have been entitled to the agreed price, namely, the nett proceeds of the first load, $9.80 ’per hundred. Instead of pursuing either of these courses, he sent the balance of the cotton to Peters-burg. The Petersburg market,-at a certain time, was the one by which the pi-ice of the cotton was to be-ascertained, . according to the contract. It -was therefore with propriety, and with a proper attention to the interest of the defendant, that the plaintiff- resorted to that market, to do justice between himself and the defendant.
 

 The defendant’s refusal to take the remaining twenty-nine bales exonerated the plaintiff from the necessity of keeping ,-íhem,-and the'defendant has no right to complain that he
 
 *110
 
 did sell them. If he, whom it concerns to have my part of the contract fulfilled, is the occasion why it is not, it is the same to me as if it was fulfilled.- Pow, on Con. 417.
 

 It is urged, however, that, in' such a case, the rule of' damage is the difference between the agreed price for the article and the market price, when, by the contract, the article is to be delivered, and that it was the duty of the plaintiff to have proved what was the market value in .Franklin, where the parties lived. That is, in general, true, but we more than doubt whether its application to this case would have benefittod the defendant. We think there was a propriety in the plaintiff’s sending the cotton to Peters-burg for sale, i That was the market of value,- selected by the parties themselves, and in his sale he has acted with a view to the interest of the defendant. It is in evidence, that, soon after the sale of the first load of cotton, it fell in Petersburg. It continued to fall from the 21st of April, -when the first load was sold, to August ’51, when it rallied. Between these two periods, when the plaintiff might have sold, if so disposed, it was down to seven and a half cents. He did not sell until the 9th of August, ’51, when cotton had risen to eight and a quarter cents per pound. We have before stated, that upon the defendant’s refusal to take any more of the cotton, if the plaintiff liad sold it in Franklin, and the market price there, at that time, had' been six cents per pound, and at the (same time, in Petersburg, the price was eight and a quarter, or eight dollars and twenty-five cents per 100, would the defendant have been permitted to claim the Petersburg price, or been- confined to the home-market ? Certainly the latter. The plaintiff, then, has in this case done the defendant no injury, that the case discloses to us.
 

 We are of opinion, that the evidence in the case does furnish a sound rule to guide the jury, to ascertain the amount of the damages, to which the plaintiff was entitled, to wit,
 
 *111
 
 the difference between nine dollars and eighty cents per ' hundred, and seven dollars and eighty cents, for which the 29 bales netted on the 9th of August, 1851.
 

 There is error. The judgment is reversed, and a
 
 venire de novo
 
 awarded.