Manly*,J.
. m looking into the record in this case two errors appear to have been committed on the trial, for one of which, at any rate, the prisoner is entitled to a venire de novo.
On the trial a question anise an to the withdrawal of certain confessions oí the prisoner. The Court declined withdrawing them, hut - remarked to the Solicitor for the State, that, after the other evidence already given in the cause, he,.the Solicitor, might withdraw them if he chose to do so, which -the Solicitor declined. This seems to us to he an expression of opinion, on the part of the *47 Judge, that the case was sufficiently proved without the aid of the confessions. This is not directly asserted, but is a matter-of inference plainly from the manner in which the expedient of withdrawing the testimony is suggested. (< After the other evidence, already given in the cause, the Solicitor might withdraw," &e. The sense which we attribute to this language is that which His Honor( himself seems to have ascribed to it; for he takes pains to explain to the jury, .that they were not bound bv any opinion or judgment of his as to the facts. He endeavored to*obviate the effect of his opinion by announcing, in distinct terms, the jury's independency of him in all matters of fact pertaining to the issue ; but this it was not*practible for him to do. The opinion had been expressed, and was incapaz ble of being recalled. ' •
The statute declares-that “ n© Judge in delivering a charge do the petit'jury, shall give an opinion whether'a fact is fully or sufficiently proved, such matters being the true office and prevince of a jury.”
The object is n<j£ to- inform the jury of their province, but to guard them’against any invasion of it.
The division of our Courts of record into two departments, the one, for'the judging of the law, the other, for judging of the facts, isa matter lying on the surface of our judicature, and is known to everybody. It was not information on ibis subject 'the Legislature intended- to furnish ; hut their purpose was to lay down an inflexible rule oí' practice — that the judge of the law should'not undertake to decide the facts. If he can not do so directl-y, he.can not indirectly ; if cot explicitly, he cannot by in— •uendo. What' we take to he the inadvertence of the Judge, therefore, was not cured of its illicit character by the information which .he immediately conveyed. *48 Knowledge on the part of the jury of their proper province, is not the criterion for determining the propriety or impropriety of an opinion from the Judge as to the suffi-«iency of the proofs. ' It is the same whether .the jury-know their rights or not.
The provision of the law in question, has been in exist-•nccsincS 1786. On the various .occasions when the law has been-digested and re-enacted, it has been oentinued in the same words ; and the interpretation which we'no w give 'it, is thaf which has been given ft from the beginning. The Judge can not properly express an opinion whether a fact pertinent- to the issue, is sufficiently or insufficiently proved. Many questions of fact, especially inquiries into mental capacity, and frauds, require as much experience, science, and accumen, as the. abstruser questions of law ; and yet their decision is left by law in the hands ’ of the comparatively inexperienced and unlearned.” This, we suppose, has been to maintain undisturbed and invio--late, that popular arbiter of rights, the tidal 'by jury, which was, without some such provisiqji, constantly in danger, -from the will of the Judge acting upon men mostly passive.in their natures, and disposed to shift off responsibility ; and in danger, also; from the over-active principle, 'that power it always stealing from the many to. the few. Wo impute no intentional wrong to the Judge .who tried this case below. The, error is one of those casualties, which may happen to the most circumspect in the progvew* of a trial on the circuit. When once-committed however, it was irrevocable, and the prisoner was entitled to have ,his case tided by another jury.
The second error appearing upon the record is the instruct-icn. given to the jury in relation to the confessions of the prisoner.
*49 The question made before the Court was, whether the confessions had not been made under such influences a* to render them inadmissible. The two witnesses, wh* had been examined before the Judge upon that point, were Kerr and Edson. The Court instrusted the jury that, as they had heard the.evidence of these persons, if they believed Kerr had stated the truth of the transaction in regard to the confessions, then they were all to be received, and such credit given to them as they might think proper; but if they thought that Edson’s stater ment was the true one, and the inducement was held out before the prisoner made any confession of his own guilt, (if any such was made,) then they should disregard all the evidence of confessions, &c. The error here consists in laying the confessions before the jury in this alternative way. In the first exception just considered, the Judge went over into the field of labor belonging to the jury. In this he invites the jury to come over into his. Neither is lawful. Such a trespass without leave, on the part of juries, though a. grave error, is irremediable in the •lass of cases now before us If invited, it becomes an error in the Judge. He cannot put upon others the decision of a matter, whether of law or fact, which he himself is hound to make. The parties are entitled to his judgment, as-a finality, on all questions of fact arising on the trial of a cruise, np.-u which depends the admissibility of testimony. It is the duty of the Judge to determine them definitively, and to admit or reject the testimony accordingly It is error to leave it to the jury to decide the preliminary question of admissibility, and to instruct them to consider it, or not to Consider it, as they find the question the one way or the ether.
*50 This matter was considered in the cases of Ratliff vs. Huntley, 5 Ire., 545, and Monroe vs. Stubbs, 9 Ire., 49, and the law declared to be as herein stated. For this error, the prisoner would be entitled to hare his case put before another jury, if it would by any possibility have brought him harm ; but it does not appear to us that it* could ; the Judge having previously decided against the prisoner ; and it is not therefore considered of any avail to the prisoner in his bill of exceptions.
It is noticed in order to renew our disapprobation of the course.
For tire first error the prisoner is entitled to a venire dfe novo. ‘ ■
This opinion is to be certified to the Superior Court, tp the end that it may take further proceedings according to law. -> ' > ,