## PARKER & GATLING *v.* W. H. SMITH.

A judgment by default, in an action for goods sold and delivered, operates as an admission by the defendant of a cause of action, and that th plaintiff is entitled to nominal damages; but it does not relieve the plaintiff from the necessity of proving the delivery of the things alle ged to have been sold and delivered, and their value.

*Therefore,* in such case the defendant may prove that such things never were delivered.

(*Garrard* v. *Dollar*, 4 Jon., 175,˜cited and approved.)

ASSUMPSIT, for goods sold and delivered, tried before *Watts, J.,* at Fall Term 1869 of HALIFAX Court.

Judgment had been taken by default against the defendant, and upon the *inquiry* by the jury as to the damages, the defendant offered to prove that none of the goods charged had ever been delivered.

The plaintiffs excepted.

His Honor being of the opinion, that, although the defendant could contest the amount of damages, he was estopped by the judgment, from disputing that the articles had been delivered, excluded the evidence.

Verdict for the plaintiffs, Rule &c. Judgment and Appeal.

*Barnes and Walter Clarke,* for the appellant.
*Rogers & Batchelor, contra.*

DICK, J. When a defendant suffers a judgment to go by default, he admits the cause of action. If the action is on a single bond, a covenant for the payment of money, bill of exchange, promissory note, or a signed account, the judgment is *final,* and the Clerk ascertains the interest due by law, without a writ of inquiry: Rev. Code, ch. 31, sec. 91.

When the action sounds in damages, as in assumpsit, covenant, trespass, &c., a judgment by default is only *interlocutory,* and the amount of damages must be ascertained by a jury, upon a writ of inquiry: 1 Tidd. Pr., 573, 580.

If the plaintiff's claim for damages is precise, and fixed by an agreement of the parties, or can be rendered certain by mere computation, there is no need of proof, as the judgment by default admits the claim: *Garrard* v. *Dollar*, 4 Jon. 175. In actions where the measure of damages is to be given by the jury, the assessment must be made upon the proofs introduced by each party, and the *onus* of proof as to the *amount* of the damages, is upon the plaintiff; as a judgment by default admits something to be due, but not the amount.

The case before us is an action of assumpsit, for goods, wares and merchandise sold and delivered, and the specific articles are not set forth in the declaration. The judgment by default admitted the cause of action, and the plaintiffs were entitled to nominal damages without introducing any proof; but in seeking substantial damages they were not relieved from the necessity of proving the delivery of each article, and the value thereof: 3 Chit. Gen. Pr., 673; 2 Burr., 907.

Upon this inquisition the defendant was at liberty, by cross-examining the plaintiffs' witnesses, and by other evidence in reply, to disprove anything which was necessary for the plaintiffs to establish, in order to ascertain their damages. On the trial "the plaintiffs introduced evidence to prove the sale and delivery of the goods. &c.," and his Honor erred in refusing to allow the defendant to introduce evidence in reply. The plaintiffs were only entitled to such damages as the jury would assess, after hearing the proofs of both parties to the action.

There must be a *venire de novo.*

Let this be certified.

PER CURIAM.                                            Reversed.