JOSEPH MERWIN vs. JOSEPH L. BALLARD.

1. A statute is to be construed prospectively unless contrary intention be clearly expressed therein. Therefore, where an action was commenced on the 18th day of March, 1870, and subsequently the Legislature passed an act changing the mode of procedure, it can have no application to such cause, and the action must be tried according to the law existing at the commencement of said action.

2. When an action under the old system was brought for goods sold and delivered to the defendant, and he demurs thereto, if the Court overrules the demurrer, it would be irregular to grant a final judgment, but such judgment must be only interlocutory, and the inquisition of a jury is necessary to ascertain the value of the goods so sold after having the proofs of both parties to the action.

*Parker & Gatling* v. *Smith*, 64 N. C. 291, *Hamlet* v. *Taylor*, 5 Jones, 36, cited and approved.

Petition to rehear this case, which was decided at January Term, 1871, and reported in 65 N. C. 168.

The facts upon which the petition is based, are found in the

opinion of the Court in the volume referred to.    Petition was filed at January Term, 1871.

*Moore & Gatling* for petitioner.
*Battle & Sons contra.*

DICK, J.    The various changes made in the C. C. P. by the Legislature have tended to produce some confusion in pleading and procedure in the Courts, and have given rise to many questions as to the proper construction of these amendatory statutes.

The act ratified on the 28th day of March, 1870, *chap.* 205, was not called to our attention when this case was argued at a previous Term, (65 N. C. R. 168) but it does not affect that decision.    The act, in express terms, is declared to be in force from and after its ratification, and it had no operation previous to that date.    *Hamlet* v. *Taylor,* 5 Jones, 36.

This action was commenced on the 18th day of March, 1870,—ten days before the ratification of said act—and was brought in accordance with existing law as set forth in the opinion heretofore filed in the case.    The subsequent statute did not deprive the plaintiff of his rights.    A statute, upon obvious principles of convenience and justice, must in general be construed as prospective in its operation.    It must be construed as intended to regulate the future conduct and rights of persons, and not to apply to past transactions.    This elementary rule of construction may be changed by the Legislature, but such intention must be sufficiently expressed by the statute.    As no contrary intention is manifested in the act which we are considering the general rule must prevail, that the law as it existed when this action was brought must decide the rights of the parties litigant.    *Hitchcock* v. *Way,* 6 Ad. and L. 249.

Under the old rules of pleading, by which this case was governed there was no error in overruling the demurrer and enter-

ing judgment for the plaintiff. The expression "final judgment," used in the former opinion, must be understood as distinguising it from a judgment of *respondeat ouster*. The absolute judgment entered for the plaintiff is irregular as it was taken contrary to the course and practice of the Courts, and it must be set aside, although it is not complained of by the defendant in his assignment of errors.

This action is upon an open account and sounds in damages; and the judgment upon demurrer, like a judgment by default in such cases, can only be interlocutory, and the amount of damages must be ascertained by a jury upon a writ of enquiry. 1 *Saunders R.*, 109. note 1; *Tidd* 568, 740. Upon this inquisition the plaintiff is only entitled to such damages as the jury may assess after hearing the proofs of both parties to the action. *Parker & Gatling* v. *Smith*, 64 N. C. 291.

The irregular judgment in this case must be set aside and an interlocutory judgment entered, and then the case is remanded to the Court below that a writ of enquiry may be issued to ascertain the damages to which the plaintiff is entitled.

As this is only a modification of the previous judgment, neither party is entitled to costs.

PER CURIAM.    Judgment set aside and case remanded.