ADRIAN & VOLLERS v. JOHN D. JACKSON.

Where a complaint, in an action to recover for goods sold and delivered, alleges that there is a sum certain due the plaintiff, which the defendant promised to pay within thirty days, and the complaint is sworn to, and where the defendant filed a demurrer for delay merely, which was treated as frivolous, the defendant making no other defence, the plaintiff is entitled at the return term to a judgment by default final for the sum claimed in the complaint.

Where a claim for damages is precise and final by the agreement of the parties, or can be rendered certain by mere computation, there is no need of proof, as the judgment by default admits the claim. An enquiry is necessary only when the claim is uncertain.

(*Gatling* v. *Smith,* 64 N. C. Rep., 271 ; *Oates* v. *Gray,* 66 N. C. Rep., 442 ; *Mervin* v. *Ballard,* Ibid., 398 ; *Hathaway* v. *Harrell,* 74 N. C. Rep, 338, cited, distinguished and approved ; and *Dean* v. *Barnes,* 73 N. C. Rep., 273, cited and approved.)

This was a MOTION, by defendants, to set aside a judgment obtained at Fall Term, 1870, of CUMBERLAND Superior Court, heard before his Honor, Judge BUXTON, at January Term, 1876, of said Court.

The summons in this case was issued 13th April, 1870, returnable to Spring (May) Term, 1870, notifying the defendant to appear "and answer the complaint which will be deposited in the office of the Clerk of the Superior Court of said county within the first three days of the next Term thereof; and let the said defendant take notice, that if he fail to answer the said complaint within that time, the plaintiff will take judgment against him for the sum of three hundred and eight dollars and thirty-seven cents, with interest on the same from the 11th day of September to the day of judgment, together with costs and disbursements."

At the Appearance Term, the plaintiff filed a sworn complaint, alleging that on the 11th August, 1869, at Wilmington, N. C., they sold and delivered to the defendant sundry goods, for which the defendant promised to pay $308.37, thirty days from date, which he had failed to pay, wherefore they demand judgment for the sum of $308.37 and interest from September 11th, 1869, and costs and disbursements of this action.

The defendant filed a demurrer at Spring Term, 1870, in these words:.

"The defendant demurs to the complaint, because it does not upon its face state facts sufficient to constitute a cause of action. At Fall (November) Term, 1870, the demurrer was disregarded as frivolous, and judgment was entered for the plaintiff, 'according to complaint filed.'"

The object of the present motion, made after notice, to set aside this judgment on the ground that it was erroneously entered, "according to complaint filed," when it should have been by default and enquiry, and the enquiry should have been executed before entry of judgment.

Upon the hearing of the motion, the counsel who filed the demurrer for the defendant stated to the Court, that it was filed for delay, and that not being furnished with any defence, he had filed no answer.

His Honor was of opinion, that as the complaint, duly sworn to, alleged a special contract at a specified price, this case was to be distinguished from a case where goods were sold upon a *quantum valebant*, in which the price had to be ascertained before judgment could be entered; and he refused to set aside the judgment.

From this refusal, defendant appealed.

*McRae, Broadfoot* and *Guthrie,* for appellant.
*Hinsdale,* contra.

BYNUM, J. The demurrer was treated as being frivolous, and is not denied to have been so. By the demurrer the complaint was admitted to be true, and by the provisions of the Code, judgment is to be given as if no defence had been made. To what judgment, then, are the plaintiffs entitled?

The complaint alleges that at a given time and place, the plaintiffs sold and delivered to the defendant sundry goods, and that the defendant promised to pay therefor $308.37 at thirty days from date, and they demand judgment for that sum and interest. Prior to the Code, the action might have been debt, because the claim is for a sum certain due by contract. So the complaint here is substantially an action of debt, upon a promise to pay a sum certain. That an action of debt would have lain, is clear from the authorities. 1 *Chit. Pl.,* 109; 2 *Tenn. R.,* 28. The promise to pay an agreed sum for "sundry goods" in no case differs from a promise to pay a fixed and agreed price for a horse, a dozen horses, or "sundry horses." The complaint does not sound in damages, but is for a money demand. Therefore, the cases cited, *Gatling* v. *Smith,* 64 N. C. Rep., 291; *Oates* v. *Gray,* 66 N. C. Rep., 442; *Mervin* v. *Ballard,* 66 N. C. Rep., 398, and similar cases, have no application. None of these were for a sum certain, but the damages claimed were unascertained and uncertain, and therefore required an enquiry by a jury

to ascertain and fix the amount. But there is nothing here for the jury to find. The sum claimed is fixed by the contract of the parties themselves and so stated in the complaint. In such cases, upon default, the judgment is final. 1 *Tidd. Pr.*, 568.

*Gatling* v. *Smith,* cited above, and *Garrard* v. *Dollar,* 4 Jones, 175, illustrate the distinction between actions sounding in damages, and actions for a sum certain. In the former case it is held that in actions sounding in damages, as in assumpsit, covenant and trespass, a judgment by default is only interlocutory, and the amount of damages must be ascertained by a jury. But in the latter it is held, that if the plaintiff's claim for damages is precise and final by the agreement of the parties, or can be rendered certain by mere computation, there is no need of proof, as the judgment, by default admits the claim. An enquiry is necessary only where the claim is uncertain.

The judgment rendered in this case is likewise authorized by C. C. P., sec. 217. It is there provided that in all actions on contract for the recovery of money only, if the defendant fail to answer and the complaint is sworn to and served, the Clerk shall enter judgment for the amount mentioned in the summons and complaint. Such is the action here and such the judgment rendered. *Dean* v. *Barnes,* 73 N. C. Rep., 273.

The decision of this part of the case makes it unnecessary to pass upon the sufficiency of the affidavit for the arrest. The affidavit here is clearly distinguishable, however, from that in *Hathaway* v. *Harrell,* 74 N. C. Rep., 338. It was there held that the affidavit was insufficient because it did not set forth the *grounds* of the plaintiff's belief that the defendant was about to remove from the State. Here, the grounds of belief are set forth, to-wit: that the affiant heard the defendant say on several occasions that he intended shortly to leave the State and remove with his family to the mountains of Georgia, as he was doing nothing here, &c.

Such an affidavit, it would seem, meets the requirements of the statute.

There is no error.

PER CURIAM.                                   Judgment affirmed.