STATE v. ALLISON BROWNING.

*Practice—Judge's Charge—Expression of Opinion as to Facts.*

1. It is a violation of the Act (Bat. Rev. ch. 17, § 237) for a Judge *at any time* in the progress of a trial (as well as during his charge to to the jury) to express an opinion as to the weight of evidence or to use language which fairly interpreted would make it reasonably certain that it would influence the minds of the jury in determining a fact.

2. In such case, however, unless it appear with ordinary certainty that the rights of either party have been in some way prejudiced by the remarks or conduct of the Court, it cannot be treated as error.

INDICTMENT for Burning a Stable tried at Fall Term, 1877, of ALEXANDER Superior Court, before *Cloud J.*

It was in evidence that in March, 1877, a stable and mules therein, the property of Wesley Morrison, were consumed by fire, and that soon after the burning, tracks of a peculiar character were discovered in the field where the stable was situated. Several witnesses swore that they were acquainted with the tracks of the defendant, and in their opinion the tracks in said field were those of defendant. It was in evidence that the defendant's left leg was 1½ or 2 inches longer than his right, and there was much other evidence on the part of the State and the defendant touching the identification of the tracks.

The counsel for defendant in his argument to the jury,

said, "if the witnesses for the State are to be believed, it was not Browning who burned the stable or made the tracks in the field; for they swore that the steps made by the left leg were the shortest (of which there was evidence) whereas it was to be inferred that if the defendant's left leg was the longer, the defendant must make the longest step with that leg." His Honor interrupting, said, "I thought you were going to ask Dr. Carson how that was, while you had him on the stand, but you did'nt do it;" Counsel, "I did not do it because I thought it was self-evident;" His Honor, "I am not sure about that." This colloquy constitutes the basis of the defendant's exception. Verdict of Guilty. Judgment. Appeal by defendant.

*Mr. R. F. Armfield* who prosecuted in the Court below, appeared with the *Attorney General*, for the State.
*Mr. G. N. Folk*, for the defendant.

FAIRCLOTH, J. The defendant made two exceptions but properly abandoned one of them in this Court, and we do not think he is entitled to a new trial on the other. The evidence of tracks entered into and became material on the trial. It was proved that the defendant's left leg was one and a half or two inches longer than the other, and there was evidence tending to show that his left step was longer than the other, and there was evidence that the left step of the track seen in the field was shorter than the right step. Whilst defendant's counsel was arguing that the longer leg would make the longer step, His Honor said, "I thought you were going to ask Dr. Carson how that was when you had him on the stand, but you did not do it," and the counsel said, he did not do so because he thought it was self-evident, to which His Honor replied, "I am not sure about that," and defendant excepted.

It is urged that the language of the Judge in a colloquy

STATE *v.* BROWNING.

between himself and the counsel in presence of the jury, was a violation of the Act of 1796. Bat. Rev. ch. 17 § 237. Whilst the Act in terms only forbids that the Judge shall give an opinion "whether a fact is *fully* or *sufficiently* proved," still it is the accepted and settled construction that he shall give no opinion on the *weight* of the evidence; and whilst the inhibition is limited to the occasion of giving a charge to the jury, yet if at any time in the progress of the trial, the Judge should express an opinion on the weight of the evidence, or use language which fairly interpreted, would make it reasonably certain that it would control or influence the minds of the jurors in determining a fact, it would be a violation of the Act. It is not insisted that His Honor failed to collate and submit the evidence in a proper manner. It is only claimed that he erred in intimating a doubt to the counsel, not to the jury, in regard to the conclusion which the counsel seemed to think was self-evident, to wit, that the longer leg would make the longer step; but we cannot see with any degree of certainty that the remark was calculated to influence the jury prejudicially to the defendant. At most it was only the expression of a doubt on a mathematical proposition, and not of an opinion on the weight of the evidence. In most cases in the course of the trial, it becomes necessary for the Judge to pass upon and decide collateral questions of fact, and such decisions taken abstractly and without their proper connection with other things, *might* seem to be an opinion upon those matters belonging exclusively to the jury; but it must be presumed that their true import and bearing are understood by the jury, and unless it appears with ordinary certainty that the rights of the prisoner have been in some way prejudiced by the remarks or conduct of the Court, it cannot be treated as error. Let this be certified that the Court below may proceed according to law.

No error.

PER CURIAM.                    Judgment affirmed.