GEORGE D. WITT et al. v. J. R. LONG et als.

*Appeal—Printing Record—Undertaking on Appeal—Irregular Judgments—Default final.*

1. While it is better and more convenient to have the record printed as soon as the case is docketed in the Supreme Court, and this practice is commended by the Court, yet it is a compliance with the rule if the record is printed when the case is called in its order for argument.

2. Appellants should be careful to see that the rule is duly observed in respect to the parts of the record required to be printed, as it is intimated that a mere colorable compliance will be treated as no compliance at all, and the appeal dismissed.

3. The statute does not require that the justification of the surety on the undertaking on appeal should state that he is worth double the amount of the undertaking, above his liabilities and his homestead and exemptions allowed by law. It is sufficient, if it state that he is worth double the amount therein specified.

4. A judgment by default final is irregular in an action on an open account for goods sold and delivered, where there is no express contract alleged in the complaint, but the plaintiffs only seek to recover on the implied contract the reasonable value of their goods. In such case, the judgment should be by default and inquiry.

5. A judgment by default final can only be rendered when the complaint is verified.

(*White* v. *Snow*, 71 N. C., 232; *Brickell* v. *Bell*, 84 N. C., 82; *Rodgers* v. *Moore*, 86 N. C., 85, cited and approved).

MOTION to set aside a judgment, for irregularity, heard by *Graves, Judge*, at July Special Term, 1885, of HAYWOOD Superior Court.

The summons having been served upon the defendants, the plaintiffs at the return term filed their complaint, not verified, in which they alleged that they had "sold and delivered to said defendants merchandise, boots and shoes, agreeable to bill rendered, to the amount of $499.45, which said merchandise, boots and shoes, were reasonably worth" the sum mentioned, and which the defendants agreed to pay. The complaint contained other allegations not necessary to be mentioned here.

The defendants did not enter an appearance, and no answer or other pleading was filed by them.

At that term, the Court, upon the summons and complaint, gave judgment against the defendants and in favor of the plaintiffs for the alleged debt, interest and costs. The judgment recited as follows: "This action having been brought to a trial before the Court upon the summons and complaint on file, the defendants having failed to answer said complaint, and it appearing to the Court from the evidence filed that the defendants are indebted to the plaintiffs, according to account rendered, the sum," &c. What the evidence before the Court was, does not appear.

At a special term of the Court held next after the return term, the defendant J. R. Long moved to set aside the judgment mentioned, upon the ground that it was irregular, in that it was made final, when it ought to have been interlocutory only.

The Court denied the motion, gave judgment accordingly, and the mover, having excepted, appealed.

In this Court, the appellees moved before the appeal was called in its order, to dismiss the same, first, because the record had not been printed as required by the rule; and secondly, because the surety to the undertaking upon appeal failed to state in his affidavit that he was "worth double the amount of said undertaking over and above his liabilities, and his homestead and ex-

emptions allowed by law." When the appeal was called in its order for argument, it appeared that the record had been printed.

*Mr. Geo. A. Shuford*, for the plaintiffs.

*Messrs. C. A. Moore* and *Norwood & Smathers*, for the defendants.

MERRIMON, J., (after stating the facts). The motion to dismiss the appeal cannot be allowed. While it would be more convenient to counsel, and therefore better, to have the record printed as soon as practicable after the appeal shall be docketed, and the Court commends this practice, yet, it is a sufficient compliance with the rule to have it printed by the time the appeal shall be called for argument in its order. Indeed, the rule so provides in terms.

We take this opportunity to suggest, that the appellant should be careful to see that the rule is duly observed in respect to the parts of the record required by it to be printed. A mere colorable compliance with it would be treated as none at all, and the appeal might be dismissed in such case.

The affidavit of the surety to the undertaking upon appeal attached thereto, states that he is worth double the amount therein specified. This is sufficient. The statute (The Code, §560), does not require that the surety shall make affidavit that he is worth double the amount, "over and above his liabilities and his homestead and exemptions allowed by law." If the appellee is not satisfied with the solvency of the surety, the statute just cited provides, that he may except to the sufficiency of the surety in that respect and have relief as allowed.

The judgment was clearly irregular. It was taken by default final, the defendants having failed to answer, it seems, upon the supposition that it was allowed by The Code, §385. The Court misapprehended the true meaning of that section. It provides that judgment by default final may be had on failure of defendant to answer as follows: (1). Where the complaint sets forth

one or more causes of action, each consisting of a breach of an express or implied contract to pay, absolutely or upon a contingency, a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation, upon proof of the personal service of the summons, or of service of summons by publication, on one or more of the defendants, and upon the complaint being verified, judgment shall be entered at the return term for the amount mentioned in the complaint, against the defendant or defendants, or against one or more of several defendants, in the cases provided in §232.

Now, first, the cause of action set forth in the complaint did not consist, " of the breach of an express or implied contract to pay absolutely or upon a contingency a sum or sums of money fixed by the terms of the contract, or capable of being ascertained therefrom by computation." It consisted of an open account of the plaintiffs against the defendants for goods the former had sold to the latter. The plaintiffs alleged that they had sold and delivered the goods to the defendants, and they were reasonably of the value stated, and that the defendants agreed to pay for them. This allegation of agreement does not imply that the defendant stipulated to pay the price charged for the goods, it simply means, that the goods were worth reasonably that sum of money, and as the defendants got them, the law implied their agreement to pay the sum stated. The sum to be paid was not fixed by the terms of the contract, or implied from it, nor could the same be ascertained thereform by computation, because, no terms had been fixed as to the price, other than such as the law implied, which was the reasonable value of the goods to be ascertained, not by mere computation, but by due inquiry as to the value. The judgment, therefore, should have been by default and inquiry, as allowed by The Code, §386, and the inquiry should have been executed at the term of the Court next after the appearance term.

Secondly, the complaint was not verrified, and therefore, if the debt sued for had been such as, in a proper case, would have warranted a judgment final, such judgment could not have been

given. The statute expressly makes verification of the complaint essential in order to entitle the plaintiff to judgment by default final in a proper case. The object is to afford some security that the plaintiff has such contract as he alleges, and will not make his demand and obtain judgment therefor, for more than is due. So that the plaintiffs were not according to law, and the due course of procedure, entitled to judgment by default final. *White* v. *Snow*, 71 N. C., 232; *Brickell* v. *Bell*, 84 N. C., 82; *Rodgers* v. *Moore*, 86 N. C., 85.

There is error. The judgment by default final must be set aside, and judgment by default and inquiry entered according to law. To that end let this opinion be certified to the Superior Court of Haywood.

Error.                                                                    Reversed.