H. & E. HARTMAN & CO. v. DAVID L. FARRIOR.

*Judgment by Default Final and by Default and Inquiry.*

1. Where the complaint alleges that the plaintiff sold to the defendant certain goods, wares and merchandise, for which he promised to pay a sum certain, and the complaint is verified, the plaintiff is entitled to a judgment by default final upon a failure to answer, or upon the filing of an unverified answer.

2. Where the complaint only alleges the value of the goods sold, without also alleging a promise to pay, or where the complaint is not verified, upon a failure to answer, the judgment should be by default and inquiry.

(*Witt* v. *Long*, 93 N. C., 388, distinguished and approved).

CIVIL ACTION, tried before *Clark, Judge,* at September Term, 1886, of DUPLIN Superior Court.

His Honor gave a judgment by default final upon the following facts:

The complaint was verified, and the following is a copy of the material parts thereof, necessary to be set forth here:

"II. That on or about the 21st day of September, 1885, they sold to the defendant, D. L. Farrior, a large lot of goods, wares and merchandise, and that the same was duly received by him.

"III. That the defendant Farrior promised to pay the plaintiffs three hundred and seventy-three and 50-100 dollars for the said goods, wares, and merchandise.

"IV. That the defendant has paid the plaintiffs nothing whatsoever for the said goods, wares, and merchandise.

"V. That payment has been demanded of the defendant."

At the appearance term of the Court no answer was filed, but the defendant appeared by attorney and offered to submit upon the complaint to a judgment by default and inquiry.

Judgment absolute was rendered, to which defendant excepted, and from which he appealed to this Court.

*Mr. W. R. Allen,* for the plaintiffs.
*Mr. Kornegay,* for the defendant.

MERRIMON, J. (after stating the facts). It is obvious that the complaint alleges a cause of action, and the breach of an express promise to pay absolutely a definite sum of money, particularly specified, for a valuable consideration. The complaint is verified; it appears that the defendant was served personally with the summons, and that no answer or other pleading was filed. The plaintiff was therefore entitled to have judgment by default final, for the sum of money specified, and for costs. The statute, (The Code, §385,) expressly provides, that in such case the plaintiff may thus have judgment at the return or appearance term of the Court.

The appellant's counsel cited and relied upon *Witt* v. *Long,* 93 N. C., 388. That case is very different from the present one.

In it, the complaint alleged that the plaintiffs had sold and delivered to the defendants, at their request, goods of the reasonable value of a sum of money specified, but it did not allege that the defendants promised to pay absolutely a particular sum of money for the goods, but only their reasonable value. Besides, the complaint was not verified. In that and like cases, the plaintiffs could only have judgment by default and inquiry.

There is no error, and the judgment must be affirmed.

No error.                                            Affirmed.