## A. C. WILLIAMS v. CROSBY LUMBER CO.

*Statute of Frauds—Estoppel to Deny Authority of Agent—Damages on Sale of Chattels—Judgment by Default and Inquiry—Interest on Verdict—The Code, Secs.* 413, 1554.

1. The Statute of Frauds (*The Code*, Sec. 1554) can only be taken advantage of by pleading it. But, if an oral contract is alleged in the complaint and denied by the answer, and a different contract set up in the answer, oral evidence of plaintiff's claim will be excluded.

2. Where one pays for part of certain property purchased for him by one who claimed and represented himself to be the agent of such purchaser, he ratifies the contract of purchase and will not be heard to deny the agency.

3. Remarks of the judge, of doubtful propriety, made, not in his charge, but to counsel during the introduction of the evidence, are not a ground for a new trial, unless it reasonably appears that a party is prejudiced in the minds of the jury by such remarks.

4. It is not erroneous or improper for a judge to make a calculation of the amount claimed by a party, and to hand such calculation to the jury with the instruction that they are not bound thereby but must find the amount due from the evidence.

5. The measure of damages for a breach by vendee of a contract for the purchase of·timber, to be delivered at a designated point, is the contract price less the cost of putting the timber at the place designated for its delivery.

6. Where there was judgment by default and inquiry, and upon the inquiry an issue was submitted as to what amount was due the plaintiff from defendant on account of certain logs cut and delivered, to which the jury responded a certain amount, it was error to add any interest to the amount so found for time elapsed prior to the inquiry, as such interest is presumed to have been included in the verdict as rendered.

CLARK, J., dissents.

CIVIL ACTION, tried before *Robinson, J.*, at Fall Term, 1895, of GRAHAM Superior Court.

The facts appear in the opinion.

Defendant appealed.

*Messrs. Dillard & King* and *Shepherd & Busbee*, for plaintiff.

*Messrs. J. W. & R. L. Cooper*, for defendant (appellant.)

FAIRCLOTH, C. J. : The plaintiff sues to collect a balance due him on contract with the defendant, and for damages for breach of the contract. The verbal contract was for " large quantities of timber, growing and felled, " on divers tracts of land on the Cheoah and Little Tennessee rivers and their tributaries. In his complaint the plaintiff alleges that, under a contract with defendant, he " cut and put a large quantity of logs into the Cheoah river in Graham county, for which labor the said company partly paid plaintiff from time to time, leaving a balance of $500 still due therefor, which sum the plaintiff is entitled to recover, over and above any and all counter-claims and sets-off known to the plaintiff." The complaint also alleges that the defendant in 1893 pretended to sell to one Belding, one of the subscribers to its stock, all of its timber, cut and standing, and logs in the streams, with all its saw-mill machinery, implements and utensils, at the insignificant sum of $100, while in fact this property was worth several hundred thousand dollars ........; that said sale and convey ance ........ were inoperative and void, as being done without authority, and likewise fraudulent and void as against creditors for lack of valuable consideration and *bona fides*, and was further void against this plaintiff and its other creditors, upon the actual intent which it had thereby to hinder, delay and defraud its creditors." It further alleges

that "the defendants are non-residents and cannot after due diligence be found _____ ; that he has taken out a warrant of attachment and had the same levied upon a large quantity of logs in Graham county, in the streams and outside, and on the standing timber on said 69 tracts of land, &c." He then demands judgment for his debt, and· that the attached property be sold to satisfy his judgment. To this complaint no answer or demurrer was filed, and at Spring term, 1895, a judgment by default and inquiry was rendered. At Fall term, 1895, the inquiry was taken and "by consent, the plaintiff having been allowed to so amend his complaint as to set up such claim as he may have against the defendant for damages sustained by him by reason of defendant's breach of its contract, and the defendant being allowed to answer, denying the damage alleged, and both amendment and answer being treated as in without objection, certain issues were submitted to the jury," which with the responses thereto are as follows:

"1. What amount is due and owing to plaintiff from defendant on account of logs cut and delivered, and others cut and not delivered? Ans., '$313.25.'

"2. What damage has plaintiff sustained by reason of defendant's breach of contract? Ans., '$86.75,' Judgment was entered for $400.00, with interest till paid, and interest on $313.25 from August 21, 1894, till the first day of this term, and costs."

The plaintiff testified over the defendant's objection that he contracted to sell the trees, in parol, with John Swan, agent of the defendant company, and that he had cut, sawed and peeled large quantities of different kinds of wood and had delivered 7,000 feet of poplar of the lengths required by the contract, all of which testimony the defendant objected to on the ground that Swan had no authority to make the contract, and because the contract was void under the Statute of Frauds, the same

being for an interest in real estate and not signed by the party to be bound thereby. The objection was overruled, and this evidence was allowed to go to the jury. The plaintiff also testified that he was damaged $500, in addition to the timber contract. No objection to the last evidence was made. Plaintiff offered in evidence a paper containing an account in favor of the defendant for articles sold to plaintiff, on which was a written statement made by Swan as to the price the plaintiff was to have for the timber when delivered. Objected to by defendant as evidence. The court admitted it, " with the remark, made in a very pointed manner, that he would allow the paper to be read and risk it ; that when people contracted debts they must pay them." Defendants excepted. The court " made a calculation and statement of amount claimed by plaintiff as per alleged contract price, and as testified to by plaintiff, and handed the same to the jury, and told them that it was what the court had calculated to be due the plaintiff by defendant on the contract, but for the jury to make their own calculations ; that they were not bound by his ; that it was for the jury to say from the evidence what sum was due the plaintiff ; that the plaintiff was entitled to the contract price, less the sum it would cost to put the timber to the river where it was to be delivered. Defendants excepted." The court said to the jury that the plaintiff was entitled to damages, and the amount was for the jury to find from the evidence. Defendants excepted. The transcript in this case is not as easily understood as some we have, and we have copied several of its parts in order that we may arrive at it correctly, as near as may be. It may be observed that the defendant omits to answer or deny the allegation of the original complaint, in which the contract and part delivery of the goods are alleged ; so these allegations stand undisputed and affirmed by the

judgment by default.    The permission to file an answer to
the amended complaint, as a count for damages for the
breach of contract, was limited by the terms of the order to
a denial of the damages for the breach, and did not extend
to a denial of anything in the original complaint and judg-
ment by default.    The defendant offered no evidence
denying the contract or damages, nor to the agency of
Swan as testified to by the plaintiff.    He simply relied on
the chance of discovering a mistake on the part of the
court at the trial.    He does not deny the allegations him-
self, nor use Swan as a witness, nor any one else.    He
does not plead the Statute of Frauds, and he cannot avail
himself of the statute without pleading it, as verbal con-
tracts are not void, but only voidable at the option of the
pleader.    *Curtis* v· *Lumber Co.*, 109 N. C , 401 ; *Laughran*
v. *Giles*, 110 N. C., 423.    In this connection it may be
stated, to avoid misapprehension, that if the complaint
alleged a parol contract for land, and the answer denied
the contract and set up a different contract, the plaintiff
could not introduce oral proof of his claim, if objected to
by defendant, although the Statute of Frauds is not pleaded.
*Gulley* v. *Macy*, 84 N. C., 434 ; *Holler* v. *Richards*, 102
N. C., 545.    A contract, required to be in writing, can be
proved only by the writing itself, not only as the *best*, but
as the only admissible evidence of its existence.    *Morri-
son* v. *Baker*, 81 N. C., 76.    *The Code*, Sec. 683, requiring
corporation contracts exceeding $100, to be in writing,
was repealed by the Act of 1893, Ch. 84.

The first exception, except as already noticed, is that
Swan had no authority to make the contract.    The defend-
ant, having received and paid for a portion of the logs
as alleged in the original complaint, and not denied, and
thereby ratified the contract made by Swan, is concluded
as to his authority to make the contract.    The defendant

in his argument, however, insists that the Judge ought to have set out the evidence pertinent to the question of agency, and relies on *The Code*, Sec. 412 (2). So far as we can see, the evidence is all in the record before us. We cannot say that it is so, but the appellant nowhere suggests that it is not so. We hold, however, that question to be settled by defendant's ratification as above stated. The plaintiff testified that he was damaged $500, in addition to the timber contract, and there was no exception to that evidence. This is the only evidence on the question of damages that went to the jury. The objection to the account of defendant for articles sold plaintiff we suppose was to the writing thereon by Swan, stating the price of the timber when delivered. This is without force, as it was only a statement by defendant's agent concerning the contract which he had made and they had ratified. The next exception was to the paper-writing above referred to; and offered in evidence, and admitted. "The court admitted the same, with the remark, made in a very pointed manner, that he would allow the paper to be read and risk it; that when people contracted debts they must pay them. Defendant excepted." Whether the exception was pointed to the admission of the paper, the pointed manner, or that when people contracted debts they must pay them, does not appear from the exception, as it should do. But assuming that it refers to the manner and the last part of the sentence, as defendant now argues, we must consider it that way. *The Code*, Sec. 413, says : " No judge in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proved, such matter being the true office and province of the jury; but he shall state in a plain and correct manner the evidence given in the case, and declare and explain the law arising thereon." We

do not approve the use of such loose expressions, but the
question still remains whether they are a violation of the
statute and injurious to the party complaining. Numerous
decisions on this question have been made, and they all
agree that the judge is not permitted to express an opinion
as to whether a fact, which is for the jury to find, is fully
or sufficiently proved, in his charge to the jury. In the
present case, the remark complained of was not made in
his charge to the jury, but was an announcement to coun-
sel as to the competency of the evidence, made in the
presence of the jury. In *State* v. *Boone*, 82 N. C., 637,
it was held that "the language of a judge in his charge to
the jury must be read with reference to the evidence and
points in dispute and construed in reference to the con-
text."

In *State* v. *Brabham*, 108 N. C., 793 (7), it is said,
"Remarks by the court of doubtful propriety are not
ground for exception where it appears they did no harm
to the prisoner."

In *State* v. *Browning*, 78 N. C., 555, it is stated, "In
most cases in the course of the trial it becomes necessary
for the judge to pass upon and decide collateral questions
of fact, and such decisions taken abstractly and without
their proper connection with other things, might seem to
be an opinion upon those matters belonging exclusively
to the jury; but it must be presumed that their true
import and bearing are understood by the jury, and unless
it appears with ordinary certainty that the rights of the
prisoner have been in some way prejudiced by the remarks
or conduct of the court, it cannot be treated as error."

In *State* v. *Angel*, 7 Ired., 27—"The Act of Assembly
restraining judges from expressing to the jury an opinion
as to the facts of the case only applies to those facts respect-
ing which the parties take issue or dispute."

In *State* v. *Dick*, 2 Winston, 45, after stating the general rule, says: " But if the party excepting could not possibly be injured by it, it is not ground for a *venire de novo*." Recognizing the general rule, these cases are cited to show that, unless it appears reasonably certain that the party is prejudiced in the minds of the jury, there is no error.

In the present case, the judge was not charging the jury, there was a judgment by default and inquiry, establishing a legal liability of the defendant to the plaintiff for something ; there was no evidence in the case except the plaintiff's ; there was no denial by plea or proof on the part of the defendant, and it appears unreasonable to suppose that the verdict would have been different without the remark of the court, as above stated. As to the manner of the judge, we have no suggestion, except so far as the words explain themselves.

The next exception was that the judge made a calculation " as per alleged contract price and handed it to the jury," telling them to make their own calculation, that they were not bound by his, that they must find the amount from the evidence, &c., as we have already stated. This seems harmless, and we understand it is frequently done by the judge without prejudice to any one. The interest on $313.25 from August 21, 1894, till the first day of the trial term must be eliminated on final settlement, as we must presume that was included in the verdict as rendered.

The main question pressed upon our attention was the rule of damages in a case like the present. His Honor instructed the jury that " the plaintiff was entitled to the contract price, less the sum it would cost to put the timber to the river, where it was to be delivered." The rule seems to be settled in this State, but the diversity of opinion

in other places, and the insistence of counsel, has induced us to look at the authorities and refer to some of them.

By many it is urged that the measure of damages is the difference in the market value of the articles at the place of delivery and the contract price. By others it is claimed that the measure of damages is the contract price less any necessary cost of putting the goods at the place of delivery.

In *Gatling* v. *Smith*, 64 N. C., 291, it was held that a judgment by default operates as an admission of a cause of action, but the plaintiff must prove the delivery of the goods and their value.

*Adrian* v. *Jackson*, 75 N. C., 536 : That when a claim for damages is certain in amount, or can be rendered certain by mere computation, there is no need of proof, as the judgment by default admits the claim. An inquiry is necessary only when the claim is uncertain.

*Hartman* v. *Farrior*, 95 N. C., 177 : When a verified complaint alleges a promise to pay a sum certain on default, the plaintiff is entitled to a judgment final, but when it alleges the value of the property without any promise, the judgment should be by default and inquiry.

*Garrord* v. *Dollar*, 4 Jones, 175 : Upon a judgment by default, nothing that would have amounted to a plea in bar to the cause of action can be given in evidence to reduce the damages. *Garrord* v. *Dollar*, 4 Jones, 175. In this case, the question of the measure of damages in land sales was first passed on in our State, and it was held that the measure of damages against a vendee for refusing to perform his contract for the purchase of land—the vendor being ready to perform his part—is the purchase money with interest. The English rule was that the difference between the value and the contract was the measure. Sedgwick on Damages, 192, so states in regard

WILLIAMS v. LUMBER COMPANY.

to land sales, but admits on page 281 that it is different in respect to sales of personal chattels.

*Oldham* v. *Kerchner*, 81 N. C., 430 : Here, the plaintiff sues for failure to deliver corn, to be ground at his mill, and the measure of damages is *prima facie* the difference between the cost of grinding and the contract price, and the burden is upon the defendant to prove all matters in reduction of such damages.

*Hinckley* v. *Steam Co.*, 121 U. S., 264, 275 : The defendant agreed to purchase rails from the plaintiff at $58 per ton. On refusal to receive the rails, the defendant was liable for breach of contract, and it was held that the rule of damages was the difference between the cost per ton of making and delivering the rails and the $58.

3 Parsons on Contracts, 209 : 'The rule is well stated by the author—" If the goods remained in the vendor's hands, it may be said that now all his damages is the difference between their value and the price to be paid, which may be nothing. This would be true if the vendor chose to consider the articles as his own. But it does not seem that the law lays upon him any such obligation. He may consider them as his own, if there has been no delivery, or he may consider them as the vendee's ........ subject to his call or order, and then he recovers the whole of the price which the vendee should pay." In either case the · action is upon the breach of the contract by the vendee, and it seems reasonable that this election should be given to the vendor and not to the vendee.

*Sands* v. *Taylor*, 5 Johns., 305 : Here, after receiving a part of the cargo the defendant refused to receive the balance, and the plaintiff sold it at the best price in the market, and by action recovered the difference between the proceeds of the sale and the original contract price.

*Bement* v. *Smith*, 15 Wend., 493 : The defendant

refused to take a carriage, built according to the terms of the agreement. The plaintiff deposited the carriage with a third party and notified the defendant. The plaintiff recovered the contract price.

*Masterton* v. *Mayor*, 42 Am. Dec., 38: Held that the measure of damages was the difference between the cost of doing the work and the agreed price to be paid.

We approve the rule pointed out in these authorities. The recovery is only the proximate contract profits, and does not fall within the line of inhibited speculative profits. A party contracts, expends his time, skill and capital, and assumes risk. It would seem unreasonable to deprive him of his direct profits and relieve the other party, simply because he has violated the agreement. With the record as it comes to us, we can see no error, and with the modification already indicated the judgment is modified and affirmed.        Modified and Affirmed.

CLARK, J. (dissenting): The learning as to judgments by default and inquiry is not applicable in this case, for, though such judgment was taken by mutual consent, it was in effect set aside, the plaintiff at the trial term being permitted to amend his complaint and the defendant to file his answer, and the issues arising thereon were duly submitted to the jury. The plaintiff testified that he made the contract with one Swan as agent of the defendant. The defendant objected that there was no evidence of agency. The court overruled the objection and the defendant excepted. Whether there was *prima facie* evidence of agency was for the court. The material fact that Swan was the agent of the defendant authorized to contract was for the jury. The judge overruled the exception, thus passing on the fact himself. The exception being made, it was incumbent on the judge to set out the pertinent evidence. *The Code*, Sec. 412 (2) expressly so

requires, but there is no evidence in the record tending to show the agency. It may have been stated on the argument here that the defendant had theretofore paid for timber bought for it by Swan, but nothing of the kind appears in the case on appeal. The record states : " The defendant objected to the paper as evidence. The court admitted the same with the remark, made in a very pointed manner, that he would allow the paper to be read and risk it ; that when people contracted debts, they must pay the same. Defendant excepted." This was an expression of opinion that the defendant had contracted a debt to the plaintiff which was still due and ought to be paid, and was a violation of the act of 1796, now *The Code*, Sec. 413. *State v. Dick*, 60 N. C., 45 ; *Reiger v. Davis*, 67 N. C., 185 ; *State v. Dancy*, 78 N. C., 437. " The court made calculation and statement of amount claimed by plaintiff, as per alleged contract price and as testified to by plaintiff and handed same to the jury, and told them that the same was what the court had calculated to be *due the plaintiff by the defendant*, by the contract." This was an expression of opinion by the court that the testimony of the plaintiff was correct, and this could not be corrected by the judge adding thereto " but for the jury to make their own calculations, that they were not bound by his." *State v. Dick, supra*, is exactly " on all fours," but indeed no precedent is needed to show that, if this is admissible, the statute designed to present the weight of the judge's views of the evidence going to the jury is henceforth a nullity. It is a violation of Section 413 of *The Code* for the judge at any time during the trial—and not in the charge only—to express an opinion before the jury on the weight of the evidence. *State v. Browning*, 78 N. C., 555 ; *March v. Verble*, 79 N. C., 19 ; *Sever v. McLaughlin*, 79 N. C., 153 ; *Fickey v. Merrimon, Id.*, 585. The plaintiff testified that

he sold to the defendant all his poplar and hard wood trees on 100 acres of land at $4.25 per M. for poplar, and $4 per M. for hard wood " when cut, peeled, sawed in logs and delivered to defendant on the banks of Cheoah river." He further testified that he delivered only 7 M. feet of poplar, and that he cut, peeled and sawed 41 M. feet of poplar but did not deliver it, and that he cut and peeled 100 M. feet of hard wood, about 5 M. of this being also sawed into logs of the contract length, but none of this timber was delivered at the Cheoah river except the 7 M. feet of poplar.

Upon this state of facts the court charged, as a measure of damages, that " the plaintiff was entitled to the contract price, less the sum it would cost to put the timber to the river," and the defendant excepted. Upon this the plaintiff recovered (the jury doubtless taking the calculation made for them by the judge) $313.25, when only 7,000 feet of lumber at $4.25 was shown to have been delivered. There is no evidence in the record showing any state of facts which could have authorized a verdict against the defendant for timber not delivered at the stipulated point, and this instruction being excepted to, in justice to the defendant it was incumbent upon the court to set out the evidence pertinent to that charge, and which would justify it. On the evidence, as it appears in the record, this instruction is erroneous.

But in any aspect of the evidence, even if it had been shown (as it was not) that the logs had been delivered at the river, the instruction was wrong. When the vendor delivers the goods at the place agreed, if the vendee fails or refuses without cause to accept them, the universally recognized rule of damages (save in very exceptional cases) is the difference between the contract price and the market price. This is indeed elementary law, and is to be

WILLIAMS v. LUMBER COMPANY.

found easily accessible in all of the authorities.   2 South-
erland Damages, Sec. 647, and numerous cases there cited ;
*Clifton* v. *Newsom*, 46 N. C., 108 ;  2 Benjamin Sales, Sec.
1117, and cases cited in note ; *Barron* v. *Arnaud*, 8 C. B.,
804 ; 3 Parson Contracts, 209 (marginal page) and cases
cited.   The instruction of the court in this case gave the
plaintiff more damages than he could have had if it had
been shown that all the timber had actually been delivered
at the stipulated place ; but in fact his own evidence, far
from sustaining the allegations made in the complaint,
showed only 7,000 feet delivered and no excuse for failure
to deliver the balance.   Even if this had been a judgment
by default and inquiry, (instead of answer filed and a trial
upon issues framed, as it was,) still, it would have been a
default and inquiry and not a judgment by default final.
Hence, even in that case, it would have been incumbent
on the plaintiff to prove his case, the default and inquiry
admitting only a cause of action and judgment for costs
till something more was approved.   *Gatling* v. *Smith*, 64
N. C., 291.   *Oldham* v. *Kerchner*, 81 N. C., 430, was an
action by a vendee for failure to deliver, and not, as in this
case, an action by a vendor for failure to receive and pay ;
besides, in the Oldham case the vendee was allowed to
recover profits of grinding, because the vendor con-
tracted well knowing the purpose of the vendee in buying.

The court further instructed the jury upon the second
issue as to damages : " That the plaintiff was entitled to
damages ; that as to the amount of damages, it was for the
jury to find from the evidence what sum the plaintiff is
entitled to."   Defendant excepted.   On this issue the
plaintiff recovered $86.75.   The record proper (in the
judgment signed by the court) states that " by consent,
the plaintiff having been allowed to so amend his com-
plaint as to set up such claim as he may have against the

defendant for damages sustained by him by reason of defendant's breach of its contract, and the defendant being allowed to answer, *denying the damage alleged*, and both amendment and answer being treated as in, without objection certain issues were submitted to the jury as follows." It is on the second of the issues thus framed on the pleadings, there being an allegation and a denial of damage, that the Judge tells the jury that " the plaintiff is entitled to damages—how much is for the jury to say." This charge is erroneous certainly on the face of the record, and, if the state of the evidence was such as to justify this instruction, the exception put the court and the appellee on notice to send up the pertinent evidence that would sustain it, and, it not being sent up, and taking the record as it is to be full and true, this charge was properly excepted to, it being supported by no evidence, and likewise an expression of opinion. It certainly could have been no guide to the jury, beyond the instruction by the court to allow the plaintiff something on the second issue. It may be that the case was imperfectly made out, but we must take the record as we find it. The appellee not having excepted to the appellant's case, it is as conclusive as if settled by the judge. Besides, it appears that the judge expressed his opinion three times in the charge that the plaintiff ought to recover. Possibly he ought. We do not know how that may be, but his Honor should not have intimated his opinion to the jury to that effect.