J. T. BOSTWICK AND BROTHER v. LAURINBURG AND SOUTHERN RAIL-
ROAD COMPANY.

(Filed 28 April, 1920.)

1. **Judgments—Default and Enquiry—Pleadings.**

    Allegations of a complaint against a railroad to recover a specified amount of damage to shipment of carload of cantaloupes for defendant's failure of its obligation to furnish cars at a specified time and place for the loading, are insufficient for judgment by default final, and such judgment may not be rendered in the course and practice of the Courts.

2. **Judgments—Irregular Judgments—Motion to Set Aside—Limitation of Actions—Statutes.**

    Where a judgment by default has been irregularly entered, it may be set aside, on motion made within a reasonable time and on a proper showing of merits, in the sound legal discretion of the Court, and in proper instances more than twelve months after the rendition of the judgment, this period being a statutory restriction applying only to judgments entered according to the course and practice of the Courts, wherein it is necessary that motions to set aside the judgments be made. Rev., sec. 513.

3. **Judgments—Default Final—Motions—Statutes—Limitation of Actions.**

    Allegations in the complaint in an action to recover damages to a shipment of cantaloupes that it had been sold to a particular customer at a certain price, which sale had been lost by the breach of contract of defendant railroad to furnish a car; that upon presentation of claim the defendant had instructed plaintiff to sell the melons to the best advantage and deduct the price from the total demand, which the plaintiff had done leaving a balance in a certain sum set out in the complaint for which judgment is claimed, and showing the amount of loss deducted, is sufficient to sustain a judgment by default final, in that sum, for the want of an answer in accordance with the course and practice of the Courts.

**4. Judgments— Default— Pleadings—Allegations—Several Causes—Default Final.**

Where a complaint states two or more causes of action arising from the same default and any one is sufficient to uphold a judgment by default final for the want of an answer, which has been entered in the due course and practice of the Courts, such judgment will be upheld.

**5. Judgments—Default and Enquiry—Default Final—Implied Admissions —Definite Damages—Computation—Statutes.**

Where a judgment by default may be entered in the due course and practice of the Courts, an inquiry is only necessary where the amount of the claim is uncertain, but where the claim is precise and final by the agreement of the parties or can be rendered certain by mere computation, there is no need of proof, for the judgment by default admits the claim, and a judgment by default final should be entered. Rev., 556.

**6. Pleadings—Interpretation of Verification.**

The verification to a complaint upon which judgment by default final for the want of an answer has been rendered, is not objectionable on the ground that it apparently shows that the plaintiff appeared before himself for the purpose, when by a proper perusal of the affidavit it will show that it followed the form approved and required by the statute and precedents, and was duly made before the clerk of the Superior Court in which the cause was pending.

Motion to set aside judgment by default final, heard before *Finley, J.,* at March Term, 1920, of SCOTLAND.

The general course of proceedings leading up to the principal judgment are embodied in his Honor's present judgment denying the motion as follows:

"1. That summons in this action was issued on 4 July, 1917, returnable to October Term, 1917, of Scotland Superior Court, and duly served upon the defendant on 5 July, 1917; that the plaintiffs filed their complaint on 20 September, 1917, and furnished a copy to defendant's counsel, Hon. G. B. Patterson.

"2. That the case was calendared for trial at the March Term, 1918, and at the April Term, 1918, and continued to allow defendant to file answer.

"3. That no answer was filed, and at the June Term, 1918, judgment was rendered by default final for failure to file answer.

"4. That the motion to set aside this judgment was made at October Term, 1919, more than twelve months after the rendition of the same, otherwise the defendant has a good and meritorious defense.

"5. That upon the defendant's contention that the judgment is irregular, the court holds, as a matter of law, that the verification of the complaint, as appears of record, is sufficient under statute to support the judgment, and the court further holds as a matter of law that complaint states such a cause of action as will support the judgment.

"6. That the general order allowing time to file pleadings made at the June Term, 1918, was made after the rendition of the said judgment.

"Upon the foregoing facts the court declines to set aside the judgment, as a matter of law, and the defendant excepts and appeals to the Supreme Court."

*Russell & Weatherspoon for plaintiff.*
*Cox & Dunn and G. B. Patterson for defendant.*

HOKE, J.  Defendant seeks to sustain his application to set aside the original judgment on two grounds:

1. That the complaint is not properly verified.

2. That it does not state a cause of action that justifies a judgment by default final.

Considering these positions in reverse order, the complaint states plaintiff's claim in the form of 3 causes of action, and demanding recovery for the same amount in each, $984.04. As a first cause of action, plaintiff avers: That, in the late summer of 1916, they were engaged in shipping cantaloupes to market in car-load lots over defendant road, and had a contract with defendant company that, on notice given by 7 p.m. of one day, defendant road would have the designated number of refrigerator cars on at the shipping station at Laurinburg, on the following morning by 7 a.m.; that the notice had been given for 4 cars to be in readiness at the proper point on 1 August, 1916, and in expectation of compliance, plaintiff had a sufficient number of cantaloupes properly crated, etc., and ready for shipment at the appointed hour and place; that defendant, in breach of its contract, failed to supply the cars till late in the afternoon, leaving the said cantaloupes exposed, etc., whereby they were greatly injured and deteriorated in value, to plaintiff's damage, $984.04.

The third cause of action, alleging the same damages in kind and amount, is substantially a repetition of the first, and both containing a claim only for unascertained damages, a judgment by default final is irregular, and, on application made within a reasonable time and on a proper showing of merits, may be set aside in the sound legal discretion of the court. *Beckton v. Dunn,* 137 N. C., 559; *Witt v. Long,* 93 N. C., 388; *Williams v. Lumber Co.,* 118 N. C., 928-936. And this, in proper instances, though the motions may be made more than 12 months from the rendition of the judgment, the decisions on the subject being to the effect that this 12 months limitation is a statutory restriction, Rev., 513, applying only to judgments which have been taken according to the course and practice of the court. *Calmes v. Lambert,* 153 N. C., 248, and authorities cited.

In the second cause of action, plaintiff states his claim in a more definite and precise way, as follows:

After alleging that plaintiff at that time was engaged in shipping cantaloupes to market, and that defendant was to supply refrigerator cars, on notice, there was a breach of contract, causing great damage and practical loss of melons, the complaint avers further that plaintiff had sold these particular melons to a responsible purchaser for $1,088.47; that the bargain was lost by reason of the injury occasioned by defendant's breach of contract; that plaintiff presented claim for the entire price to defendant company, and was told by the "duly authorized agent of defendant to sell the damaged melons to the best advantage, credit the purchase price received on the bill as rendered, and that the defendant road would pay plaintiff the difference; that plaintiff, in compliance with these instructions, sold the melons for $104.43, credited same on the bill rendered, $1,088.47, leaving a balance due plaintiff of $984.04, for which judgment is claimed.

"It is held with us that when a complaint states two or more causes of action and any one of them is sufficient to uphold a judgment by default final, such judgment will be upheld, and this being true, we are of opinion that plaintiff's suit, as presented in this second cause of action, is sufficiently definite and precise to support the judgment, that the same has been entered according to the course and practice of the court, and is in all respects regular. *Scott v. Life Association,* 137 N. C., 515-522; *Cowles v. Cowles,* 121 N. C., 272; *Adrian & Vollers v. Jackson,* 75 N. C., 536.

"In *Adrian & Voller's case* it was held that, where a claim for damages is precise and final by the agreement of the parties, or can be rendered certain by mere computation, there is no need of proof, as the judgment by default admits the claim. An inquiry is necessary only when the claim is uncertain. These decisions are but the proper and necessary construction of our statute on the subject, Rev., 556, which provides that a judgment by default final may be had on failure to answer, when a complaint sets forth one or more causes of action consisting of a breach of an express or implied contract to pay absolutely or upon a contingency a sum or sums of money fixed by the terms of the contract or capable of being ascertained thereupon by computation."

The motion having been made more than 12 months after rendition to the judgment, defendant's right to relief on account of surprise or excusable neglect is precluded by the express terms of the statute, Rev., 513, requiring that such applications as against a regular judgment must be made within 12 months.

In this aspect of the matter, therefore, his Honor was clearly right in holding against defendant as a conclusion of law. *Lee v. McCracken,*

170 N. C., 575. The objection to the verification is without merit. This was placed on the ground that the affidavit apparently showed that plaintiff had appeared before himself. But a proper perusal of the affidavit will show that it is made by one of the plaintiffs; that it follows the form approved and required by the statute and precedents, and that it was duly made before the clerk, and here, too, we are of opinion that the judgment is according to the course and practice of the court, and has been properly upheld.

There is no error, and the judgment is

Affirmed.