No. 90.—Wm. B. Parker, plaintiff in error, vs. Spencer Riley, defendant in error.

[1.] If complainant in equity goes to trial on bill and answer, and the answer does not support the allegations in his bill, he has no proof and cannot have a decree.

[2.] A compromise, when made full and complete, puts an end to the subject matter of controversy, and the parties remedy is on the contract of compromise.

In Equity, in Bibb Superior Court. Tried before Judge Allen, November Term, 1856.

Spencer Riley filed his bill on the equity side of Bibb Superior Court, against William B. Parker, for injunction, relief and specific performance.

The bill alleges, in substance, that Riley was employed in the year 1842, by Parker, as agent to purchase grants from the State to reverted lots. That among others he obtained a grant for lot No. 137, in the 11th district of Irwin County, now Lowndes, containing 490 acres. That subsequently Parker becoming dissatisfied about the title to this lot, insisted upon Riley's paying him the value of it and taking it, which Riley agreed to do, estimating the lot at $490 00. That Riley being at the same time indebted to Parker on other accounts, the sum of $410 00, gave his note for $900 00, and executed a mortgage on his house and lot in Vineville, to secure its payment; and left the titles to said lot in Irwin, in the hands of Parker. That Parker has foreclosed his mortgage and sold the Vineville premises, for $382 19, over and above the cost, and has also recovered a general judgment at law upon said note, which he is proceeding to enforce against other property of complainant; and refuses to carry out the agreement and to convey to Riley the lot of land in Irwin, or to give him credit on said judgment for its value.

The defendant filed his answer, admitting that Riley was

employed by him to grant reverted lots in 1842, and that he secured a large number, and amongst the rest was No. 137, in Irwin County. That, some years afterwards, he discovered that Riley had been forging and manufacturing titles and papers to suit his own purposes and convenience, and that many of the grants which he had returned to him were forged—that he charged Riley with this crime and fraud, who, at last, confessed his guilt, and agreed to compensate defendant for the loss he might sustain on his forged and defective titles ; and upon coming to an adjustment and settlement of this matter, Riley agreed to pay defendant the sum of $2,100 00, as follows : $1,200 00 in lands which he would turn over to defendant, and give his note for the balance. And thus the $900 00 note was given by Riley to defendant, and upon no other consideration. That in gathering up the titles and papers, at the close of this settlement, Riley got the grant to one of the lots which was turned over to defendant, lying in the County of Twiggs, and which he refused afterwards to surrender, but said he had sold it. The lot in Irwin was one which Riley admitted was a forgery, but afterwards, upon application and examination at the land office in Milledgeville, it turned out to be genuine, and defendant has since sold it for about $300 00 ; but four of the grants last received from Riley have proved to be forgeries, by which defendant has sustained heavy losses ; besides the Twiggs County lot, to which he was justly entitled, and which of itself, is worth more than the Irwin lot. Defendant admits the foreclosure of his mortgage and sale of the premises, and that there was received from the proceeds and applied to his demand, the sum of $382 19. He admits that he has obtained a general judgment on the note, and that he is fairly entitled to the whole amount due thereon, less the sum of $382 19, received from the mortgage sale.

The case was heard upon bill and answer; and the jury found and decreed that the *fi fa* of Parker against Riley be

Parker vs. Riley.

credited with the sum of four hundred and ninety dollars, and that Parker have leave to proceed with said *fi fa* for the balance due thereon, after making such credit.

The defendant, Parker, moved for a new trial on the grounds that the verdict was contrary to law and equity, and evidence, and against the charge of the Court; and because the Court refused to charge, as requested, that, if Parker lost by Riley's fraud and faithlessness in buying reverted lots, several thousand dollars, over and above the $2,100 00, alledged to have been received by him from Riley, then complainant has no equity, and cannot recover unless he first repairs these losses; and neither is he protected from doing this by any compromise that was made unless he faithfully performed his part thereof.

After argument, the motion for new trial was refused by the Court, and thereupon defendant's counsel excepted.

LANIER & ANDERSON, for plaintiff in error.

STUBBS, HILL & TRACY, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

[1.] It was stated in the argument that this cause went to trial on the bill and answer. The record shews that there was a replication, but it does not appear that it was read or relied on, to put in issue the statements of the answer. But it matters little, in this case, as the case made by complainants bill was not supported by the answer, and the plaintiff had no other proof.

The defendant's answer denied, *in toto*, the agreement set forth by complainant. There could be no decree for complainant without proof, and he had none. *Legh vs. Haverfield,* 5 *Vesey Jr. Rep.* 452.

[2.] The counsel for plaintiff in error, in argument, complain that the Court did not give his request in charge to the

jury, as stated in the motion for a new trial, and that he assigned no reason for this omission? The counsel have assigned no reason why the Court should have given the charge as requested, and we can discover none why he should have given it. The contract of compromise, as far as we understand it, was a complete contract, and we know of no rule of law which places it in the power of either party to a compromise, to disregard it, if it was full and final between the parties, as to the subject matter of controversy.

We reverse the judgment of the Court below, on the ground that there was no evidence to authorize the decree of the jury. A new trial must, therefore, be ordered.

Judgment reversed.