PARKER & GATLING *vs.* W. O. HOUSE, *et al.*

1. A judgment by default for want of an answer, admitts that the plaintiff had a good cause of action and that he is entitled to some damages.

2. In such case, if the plaintiff's claim for damages is certain or can be rendered certain, by mere computation, there is no need of proof, as the judgment by default admits the claim—but when the measure of damages is uncertain, the assessment must be made upon proof—and the *onus* as to the amount is upon the plaintiff.

3. Therefore, where there was a judgment by default in a suit on a constable's bond, the plaintiff must prove that the debtors were solvent, and the amount of damage sustained by the constables' not using proper diligence in collecting the claims placed in his hands.

*Parker & Gatling* v. *W. H. Smith*, 64 N. C. 291, *Warlick* v. *Barnett*, 1 Jones, 529, cited and approved.

This was an action on a constables bond tried before Watts, Judge, at a Special Term of Halifax Superior Court.

The plaintiff declared upon a constables bond and assigned as a breach, that the officer had not used due diligence in endeavoring to collect certain claims placed in his hands. A complaint was filed setting forth the different claims placed in the hands of the officer.

The defendants failed to answer, and at the return term a judgment was entered by default and enquiry.

At the Special Term aforesaid, the plaintiff proposed to execute the enquiry, and a jury was empannelled for that purpose, he read his complaint and the receipt of the Constable, and stopped his case.

The defendant's counsel asked the Court to instruct the jury that the plaintiff was not entitled to recover, because he had failed to prove the appointment of the constable, and the execution of the bond sued on. That he had failed to prove the

insolvency of the parties, or any of them, upon whom claims had been given to the officer, and that no demand had been proved.

His Honor declined to so charge, but told the jury that the plaintiff was entitled to recover the amount of his claims set forth in the complaint. The jury returned a verdict in accordance with the instructions. Judgment and appeal by the defendants.

*Moore & Gatling* for plaintiffs.
*Batchelor* for defendant.

DICK, J. This is an action against a constable on his official bond, for a failure to perform his official duty. The default of the defendant in failing to answer, admits the execution of the bond sued on, and that the plaintiffs have good cause of action, and the only question left for determination is the amount of damages.

The C. C. P., sec. 217, makes provision for determining the amount of a judgment by default.

1- In any *a*ction arising on contract for the recovery of money only, the clerk ascertains the amount which the plaintiff is entitled to recover, in the manner prescribed in said section.

2. In other actions the Judge before whom an action is pending, may upon proofs, ascertain the damages, or he may order a reference for that purpose, or have the damages assessed by a jury.

The judgment by default in this case admits that the plaintiffs are entitled to recover something, but in all cases of judgment for the want of an answer, where the complaint is not sworn to, the amount must be ascertained upon proofs, except where there is an instrument for the payment of money only.

The breach of the official bond assigned in the complaint,

is, that the defendant did not use due diligence in collecting claims put into his hands as an officer.

The defendant by failing to answer, admits this allegation, but does not admit the amount of damages, for this is the question to be determined upon proofs. The plaintiffs cannot reasonably insist, that their unsworn statement should fix the amount of damages, when the injustice of such a proposition is so apparent, and the law is so positive to the contrary.

The plaintiffs must show their debtors were solvent, and the amount of damages which they sustained by the defendant not using proper diligence to collect their claims. If the debtors were insolvent the law did not require diligence on the part of the defendant, as it would have availed nothing. State on relation, *Warlick* v. *Barnett*, 1 Jones 539, and cases cited.

The rules of law as to proceedings on a writ of enquiry are stated in *Parker & Gatling* v. *Smith*, 64 N. C., 291.

There was error in the ruling of His Honor. This will be certified that proper procedings may be had to determine the amount of damages.

PER CURIAM.                                          Judgment reversed.