## KOHN BROS. v. ZIMMERMAN.

1. Receipt: PAROL EVIDENCE: PAYMENT. Parol evidence is admissible for the purpose of explaining the subject-matter, and consideration of a receipt.

2. —— APPLICATION OF THE RULE. Where, during the pendency of an action, a receipt in full of plaintiff's claim was executed by him to defendant, in consideration of the receipt of a less sum than was due, and the payment by defendant of "all of the expenses, if any, in the case," it was *held*, that parol evidence was admissible for the purpose of showing what expenses were contemplated by the terms used, and as to whether it included attorney's fees, or only ordinary costs.

3. —— ESTOPPEL. *Held*, also, that the giving of the receipt, upon the consideration stated, estopped the plaintiffs from a further prosecution of the action.

*Appeal from Scott Circuit Court.*

THURSDAY, JULY 25.

ON the 11th day of February, 1871, a petition was filed by the plaintiffs' attorneys claiming of defendant $246.75, balance of an account. On the 27th day of February, 1871, the original notice was duly served on the defendant, and proof thereof filed with the clerk, on the 1st day of March following. At the appearance term the defendant filed an answer alleging a settlement of the claim with plaintiffs on February 17, 1871, by the payment of $200, and an agreement to pay all the expenses in the case. There was a jury trial, verdict and judgment for plaintiffs for $47.79. The defendant appeals.

*J. Herron* for the appellant.

*Brown, Campbell & Sully* for the appellees.

COLE, J. — The testimony shows that plaintiffs were Chicago merchants, and had been selling goods to defend-

ant at different times, and that there was a balance due plaintiffs of $246.75. The claim was sent to an agent in Davenport, who placed it in the hands of the attorneys in this case, for collection; and they filed the petition in this case on the 11th day of February, 1871. On the 17th day of February, 1871, the defendant, being in Chicago, settled the account with plaintiffs, as shown by, and took the following receipt : "Chicago, February 17, 1871. Received of Henry Zimmerman, Davenport, Iowa, $200, in full of our claim against him to date; it being understood, however, that, in consideration of this settlement, all the expenses, if any, in this case, will be assumed and paid by Henry Zimmerman himself. H. A. Kohn & Bros." The defendant also introduced in evidence two letters written to him by the plaintiffs, of date, respectively, March 15 and 18, 1871, in which they state their adherence to the settlement, and a desire that it shall be fully carried out, and claim nothing from this action. It was also shown, by the testimony of one of the plaintiffs' attorneys, that the reasonable attorney fees for plaintiffs' attorneys in this case would amount to about $40 or $50.

During the progress of the trial, the defendant was introduced as a witness, and asked : " What, if any thing, did the plaintiffs say to you at the time this receipt was given as to what expenses you should pay?" This was objected to as immaterial and incompetent, for the reason that the written agreement was the only evidence the defendant had the right to give of the transaction; and the objection was sustained. This is one of the errors assigned. The instrument is a receipt, and, upon a well-settled rule, its consideration and subject-matter, at least, might properly be explained by parol proof. See *Pinney* v. *Thompson*, 3 Iowa, 74, and authorities cited. But, further than this, the term " expenses," as connected with litigation, may have, at least, two meanings — the one including the ordinary costs or taxable expenses, and the other the extraordin-

ary costs also, such as agents' and attorneys' fees, etc. We think the defendant had a right to explain the meaning of the term, and to show the real consideration.

II. The court gave them instructions, in substance, that the payment by the defendant of a less sum than was due to plaintiffs, and the taking of the receipt, was no consideration for the part not paid, and the agreement to pay expenses would not render the payment valid for the whole, and the plaintiffs might recover in this action for the part not paid. We think these instructions were erroneous; first, because, as shown by the letters of plaintiffs introduced in evidence, they do not claim the balance, not paid, but still adhere to their agreement to receive the sum paid in full, without disputing the sufficiency of the consideration; and second, the receipt itself shows that their agreement so to receive the less sum in full was based upon the consideration of the defendant's agreement to pay all of the expenses in the case. And, as above stated, this promise may have been the assumption of a much greater liability than was upon him by the law. In any event, it was an agreement to do it at a time different from that fixed by the law.

III. But, we are of the opinion further, that by the settlement and the giving of the receipt in full upon the consideration named, and adhering to it as above set forth, the plaintiffs and their attorneys are estopped from the further prosecution of their action, and must seek any relief they are entitled to, upon the new promise to pay all of the expenses specified in the receipt, the defendant, by his acceptance thereof, being bound by it.

Reversed.