A. H. McLEOD v. R. M. NIMOCKS.

(Decided March 29, 1898.)

*Action for Conversion and Embezzlement—Arrest and
Bail—Judgment by Default— Trial—Practice—Dam-
ages.*

Where a defendant who was duly served with summons failed to file an-
swer to the complaint in an action for conversion of cotton and
embezzling the proceeds, judgment by default final was properly
rendered as to the conversion and embezzlement, but the amount
of damages should be determined by proof of the value of so much
of the cotton as was converted.

McLeod *v.* Nimocks.

CIVIL ACTION tried before *McIver, J.*, at December Term, 1897. The following judgment was rendered:

This cause coming on to be heard at December Term, 1897, upon the sworn complaint of plaintiff, duly verified, to which no answer has been filed, it is, on motion of N. A. McLean, attorney for plaintiff, ordered, adjudged and decreed by the Court that A. H. McLeod, the plaintiff, on September 1st, 1896, was the owner of 141 bales of cotton, that he delivered said cotton to R. M. Nimocks, defendant, on and between the dates of September 1st and December 31st, 1896, as his, plaintiff's, agent to have the same stored, and that after said September 1st, 1896, and before May 20th, 1897, the said R. M. Nimocks, while his relation as agent aforesaid existed, unlawfully, wilfully and fraudulently embezzled and converted to his own use said 141 bales of cotton.

It is further ordered, adjudged and decreed that said A. H. McLeod do recover of the defendant the value of said cotton, with interest thereon from the time of its conversion aforesaid, and this cause is continued until the next Term of this Court, to the end that an issue may be set down and tried by a jury as to the value of said cotton.

It appearing to the Court that an order of arrest for the said Nimocks has been issued and executed in this cause and that he has given bail in the sum of $6,000 to render himself amenable to the process of the Court during the pendency of this action and to such as may be issued to enforce the judgment herein, said order is continued to await the final judgment in this cause, when plaintiff's damages shall have been assessed."

The defendant excepted to the judgment and appealed therefrom.

*Mr. N. A. McLean* for plaintiff.
*Mr. T. A. McNeill* for defendant (appellant).

Montgomery, J.: The plaintiff in his complaint alleged that under an agreement with the defendant he delivered to him 141 bales of cotton to the end that the defendant, as the agent of the plaintiff, have the cotton stored in a warehouse in Fayetteville for the account of the plaintiff, who was to pay the warehouse charges; that the defendant never had any authority to sell the cotton or any part of it; that the defendant having received the cotton did not store it in the warehouse, although he frequently wrote the plaintiff that he was in possession of the cotton and that it was stored in the warehouse; that the defendant well knew that these statements in the letters were false; that on the 20th May, 1897, the defendant in answer to a letter written to him by the plaintiff as to where the cotton was, wrote, ''I let the cotton go, holding myself responsible for its value at the time you might be inclined to close it out''; that such disposal of the cotton by the defendant was without the knowledge or consent of the plaintiff, and that the defendant wilfully and wrongfully converted the cotton, and knowingly, wilfully and fraudulently misapplied the proceeds thereof to his own use, by which the plaintiff was damaged to the amount of $5,600. Upon the issuing of the summons by the clerk an affidavit, which was in full compliance with the requirements of the law, was made by the plaintiff to procure the arrest of the defendant. The order of the arrest was made and served, and the defendant gave bond as allowed by the statute with two sureties, A. H. Slocomb and Q. K. Nimocks. The complaint was verified and filed according to law, and at the appearance term, the defendant having filed no an-

swer, a judgment by default and inquiry was entered up against him. In the judgment it was adjudged that the defendant, while the relation of principal and agent existed between the plaintiff and himself, unlawfully, wilfully and fraudulently embezzled and converted to his own use 141 bales of cotton, and that the plaintiff recover of the defendant the value of the cotton with interest from the time of its conversion. The cause was continued until the next term of the court that an issue might be submitted and tried by a jury as to the value of the cotton. The judgment also contained a clause in reference to the order of arrest, in the following words: "It appearing to the Court that an order of arrest for the said Nimocks has been issued and executed in this cause and that he has given bail in the sum of $6,000 to render himself amenable to the process of the court during the pendency of this action, and to such as may be issued to enforce the judgment herein, said order is continued to await the final judgment in this cause, when the plaintiff's damages shall have been assessed".

The defendant does not complain of that part of the judgment which institutes an inquiry as to the damages which the plaintiff may have sustained by reason of the matters set out in the complaint, but he insists that the judgment by default final, for the conversion of the cotton and embezzlement of the proceeds, is such a judgment as could not have been rendered under Section 386 of *The Code*. We think his contention not well founded. The action sounded in damages and was for a *tort*. The tortious conduct of the defendant was set forth in the complaint as the basis for demanding the damages. The judgment by default and inquiry, the defendant having said nothing in answer to the plain-

McLEOD v. NIMOCKS.

tiff's complaint, was conclusive that the plaintiff had a cause of action against the defendant of the nature declared in the complaint, and would have been entitled to nominal damages without any proof. *That* cause of action was admitted by the defendant's failure to answer. *Lee* v. *Knapp*, 90 N. C,, 171; Eaton's Forms, 318; *Parker* v. *House*, 66 N. C., 374; *Banks* v. *M'f'g. Co.*, 108 N. C., 282.

In the last cited case the action was for damages on account of alleged malicious prosecution. No answer having been made a judgment by default and inquiry was entered, and this Court held that the Court below properly refused to submit an issue as to whether the defendant did prosecute the plaintiff maliciously and without probable cause. The Court said, "The issue tendered by the defendant was not raised, as there was no answer and that matter was settled by the judgment by default.

In the case of *Parker* v. *House, supra*, the action was against a constable and his bond for a failure to use due diligence in collecting claims put into his hands as an officer. The Court said, "the defendant by failing to answer admits the allegation."

So, in the present case, the defendant by his failure to answer admitted the cause of action as set out in the complaint, and the judgment was a proper one. The authorities all concur, however, in deciding that the *amount* of damages is not admitted in cases of judgment by default and inquiry, and that the matter is a question to be determined upon proof. *Parker* v. *House, supra; Lee* v. *Knapp, supra; Witt* v. *Long*, 93 N. C., 388. And we are of the opinion that the judgment should be so modified as to declare the defendant's liability should be fixed upon the value of so much of

the cotton as the plaintiff may prove on the inquiry was converted by the defendant.

Modified and affirmed.