(37 Misc. Rep. 412.)

### BOWERY BANK OF NEW YORK v. HART et al.

(Supreme Court, Trial Term, New York County.   March, 1902.)

1. MORTGAGE—COVENANTS—CONSTRUCTION.
   Where a mortgage given as security for a note in litigation stipulates that it shall be void on payment of the note, together with costs and expenses incurred in an action on the note, plaintiff, on recovering judgment thereon, and on the mortgagor's refusal to pay any more than the face of the judgment, can recover counsel fees paid in the action on the note.

2. PAROL EVIDENCE.
   Where a mortgage provided for the payment of all costs and expenses incurred in a certain action, parol evidence is admissible to show what the parties meant by "expenses."

Action by the Bowery Bank of New York against Frieda Hart and Max Hart, to foreclose a mortgage.   Judgment for plaintiff.

Dunphy & Pearsall, for plaintiff.

Joseph Resenzweig, for defendants.

BLANCHARD, J.   This is an action brought to foreclose a mortgage given by defendants to the plaintiff to secure the payment of

a certain note, which was the subject of a suit then pending by the plaintiff against the defendants herein. It was provided in the mortgage that it should be void upon payment of the note, with interest, "together with all the costs and expenses incurred by said party of the second part in a certain action now pending in the supreme court of this state, wherein said party of the second part is plaintiff, and said Max Hart and Frieda Hart are defendants." The note was not paid at the time stated in the mortgage, and plaintiff entered judgment in the action pending. Defendants subsequently paid the judgment in full, and demanded that the mortgage be satisfied. Plaintiff refused, unless its attorneys were paid for their services. Defendants having refused to make such payment, this action was brought to foreclose the mortgage, the claim being that $150 for attorney's fees, part of the expenses of the action between the parties hereto on the note referred to, was due and unpaid. The defendants here question the reasonableness of the charge, which contention I must hold, however, not to have been sustained by the evidence. Defendants further contend that the fees of plaintiff's attorneys were not included within the terms of the mortgage. I am, therefore, called upon to construe the meaning of the expression in the mortgage, "all the costs and expenses incurred * * * in a certain action." Was the fee of plaintiff's attorneys an "expense" in the action? The word "expense" means expenditure, outlay, or disbursement of money. 12 Am. & Eng. Enc. Law (2d Ed.) 394; Cent. Dict. It is sufficiently broad in its meaning, if such was the intention of the parties, to include the attorneys' charges. The intention of the parties at the time of the giving of the mortgage must govern. Bank v. Strever, 18 N. Y. 502. For the purpose of ascertaining the intention of the parties in the use of the term "expenses," I permitted parol evidence to be given on the trial. Kohn v. Zimmerman, 34 Iowa, 544. The court there said (page 545): "The term 'expenses,' as connected with litigation, may have at least two meanings,—the one including the ordinary costs or taxable expenses, and the other the extraordinary costs also, such as agents' and attorneys' fees, etc." Having regard for all the facts and circumstances in the case, the objects which the mortgage was to accomplish, and the situation of the parties at the time of its execution, I conclude that it was within the contemplation of the parties that the fees of the bank's attorneys should be included in the expression used, so that the bank should be without loss of any kind in the transaction. Milk v. Waite, 18 Abb. N. C. 236. It follows that the plaintiff should have judgment.

Judgment for plaintiff.