S. C. BLOW v. E. H. JOYNER.

(Filed 4 October, 1911.)

1. **Judgment—Default and Inquiry—Nominal Damages.**
   When a complaint has been properly filed showing a right of action for unliquidated damages, a judgment by default and inquiry establishes plaintiff's right of action, and that he is at least entitled to nominal damages.

2. **Same—Actual Damages—Instructions—Appeal and Error.**
   After judgment by default and inquiry on the question of unliquidated damages has been entered and a trial upon the inquiry is being had, it is for the plaintiff to show by his evidence the amount of damages he has sustained, in order to recover more than nominal damages; and a charge by the court that the plaintiff is entitled, at least, to recover some actual damages in any view of the case, is erroneous when the evidence is conflicting on this point.

3. **Forcible Trespass—Assault—Abusive Language—Punitive Damages—Jury's Discretion—Instructions.**
   In an action to recover damages for an alleged forcible trespass and assault on the person, where judgment by default and inquiry had been entered at a subsequent term, there was allegation and proof that the defendant did "unlawfully and wrongfully and with a strong hand enter and forcibly trespass" on the lot and yard of the plaintiff's residence, and in the presence of

plaintiff and his wife "threatened, cursed, abused, and assaulted the plaintiff, and refused to leave" after he had been commanded to do so, but remained and continued to use vulgar and profane language, etc.: *Held*, upon the facts and circumstances of this case, (1) it was permissible for the jury to award punitive damages; (2) the question of punitive damages was properly submitted to the jury as one within their discretion, under a proper charge of the law applicable, and was not a matter of law for the court.

APPEAL from *Carter, J.,* at April Term, 1911, of HERTFORD.

Civil action to recover damages for alleged forcible trespass accompanied by assault on the person. It appeared that summons in the action returnable to Superior Court of Hertford County was served on defendant 1 October, 1909. On verified complaint duly filed at April Term of said court, 1910, judgment by default and inquiry was entered at October Term, 1910, and the cause having been placed on the calendar for the purpose, the same came on for hearing on the issue as to damages before *Carter, J.,* and a jury, at April Term, 1911, of said court. Verdict was rendered and damages assessed in plaintiff's favor for $300. Judgment on the verdict, and defendant excepted and appealed, assigning errors on several exceptions taken and duly entered.

*Winborne & Winborne for plaintiff.*
*D. C. Barnes for defendant.*

HOKE, J. The gravamen of plaintiff's cause of action is stated in the complaint, as follows: "That while plaintiff and his family were in such occupancy of said buildings and premises, the defendant on Friday, 27 August, 1909, unlawfully and wrongfully and with a strong hand entered and forcibly trespassed on said premises and in the lot and yard on said premises where the plaintiff and his family were living, armed with a pistol, and in the presence of the plaintiff and his wife, and threatened, cursed, abused, and assaulted plaintiff, and refused to leave said premises and said yard, after he was commanded by plaintiff and his wife to leave said yard and premises, and remained thereon, using profane and vulgar language, to the great annoyance of plaintiff and his wife and to the great dam-

age of plaintiff"; and there was evidence. on part of plaintiff tending to support the allegations as made, except there seems to be no reference to a pistol in the statement of the witnesses, a difference in no way affecting the questions presented. It was objected to the validity of the trial that his Honor charged the jury that the "Judgment by default and inquiry established the fact that the defendant was a trespasser, and by reason of that fact defendant was estopped from denying that he was a trespasser upon the possessions of the plaintiff"; but the objection, in our opinion, is not well taken. The authorities are very generally to the effect that where a complaint has been properly filed showing a right of action for unliquidated damages, a judgment by default and inquiry establishes plaintiff's right of action and that he is entitled at least to nominal damages. *Osborno v. Leach,* 133 N. C., 428; 2 Black on Judgments, sec. 698; 23 Cyc., 752; 6 Enc. Pl. and Pr., 127. And in this State it is further held that such a judgment concludes on all issuable facts properly pleaded and that evidence in bar of plaintiff's right of action is not admissible on the inquiry as to damages. *McLeod v. Nimocks,* 122 N. C., 438; *Tel. Co. v. Knapp,* 90 N. C., 171; *Parker v. House,* 66 N. C., 374; *Parker v. Smith,* 64 N. C., 291; *Garrard v. Dollar,* 49 N. C., ·175. · In *McLeod v. Nimocks* it is said: "The judgment by default and inquiry, the defendant having said nothing in answer to plaintiff's complaint, was conclusive that the plaintiff had a cause of action against the defendant of the nature declared in the complaint, and would be entitled to· nominal damages without any proof." The statement sometimes made that a judgment of this kind "merely admits a cause of action, while the precise character of the cause of action and the extent of defendant's liability remains to be determined," simply means, as stated, that a judgment by default and inquiry establishes a right of action in plaintiff of the kind stated in the complaint and entitling plaintiff to nominal damages, but that the facts and attendant circumstances giving character to the transaction and relevant as tending to fix the quantum of damages, must be shown, and in this sense only is the statement in question approved in *Osborno v. Leach, supra.* His

Honor therefore properly held that the judgment by default operated as an estoppel to the extent stated. Defendant excepted further that, under the charge and on the evidence, the jury were allowed to consider the question of punitive damages and award the same in their discretion.

The objection being (1) that no such damages are permissible in this character of action; (2) that if otherwise, the allowance of such damages on a given state of .facts was a question of law for the court, and should not be submitted to the discretion of the jury. But authority with us is against defendant on both positions. In *Ammons v. R. R.,* 140 N. C., 200, on this question of punitive damages, it was said: "Exemplary or punitive damages are not given with a view to compensation, but are under certain circumstances awarded in addition to compensation as a punishment to defendant and as a warning to other wrongdoers. They are not allowed as a matter of course, but only when there are some features of aggravation, as when the wrong is done willfully and maliciously or under circumstances of rudeness or oppression or in a manner which evinces a reckless and wanton disregard of plaintiff's rights." In *Brame v. Clark,* 148 N. C., 364, and *Duncan v. Stalcup,* 18 N. C., 440, it has been expressly held that if a trespass has been committed under the circumstances stated punitive damages may be allowed. And in *Billings v. Observer Co.,* 150 N. C., 540, it was held that "When on the facts a question of punitive damages is presented, the award of such damages and the amount thereof, under a proper charge, is for the jury." In such case the court will state the law applicable and the jury in their discretion will determine whether punitive damages shall be allowed, and, if so, fix the amount of same.

While we uphold the rulings of his Honor in reference to exceptions thus far noted, we are of opinion that defendant is entitled to a new trial by reason of his charge, duly excepted to, that plaintiff is entitled to some actual damages "in any view of the .case." Recurring to the authorities heretofore cited, it will appear that a judgment by default and inquiry only concludes as to the existence of plaintiff's cause of action

and his right to recover nominal damages. Any damages beyond that sum is left an open question to be determined from the facts and attendant circumstances of the occurrence. While the evidence of plaintiff tended to show an injury under circumstances of insult, rudeness, and oppression, there was testimony on the part of defendant in full denial of plaintiff's position, and tending to show that as a matter of fact plaintiff himself was in great measure to blame. In this conflict of evidence it was not within the province of the court to tell the jury that they should in any event allow the plaintiff some actual damages, which by correct interpretation must be taken to mean substantial as distinguished from nominal damages. *Ammons v. R. R.,* 140 N. C., 199; *Chaffin v. Manufacturing Co.,* 135 N. C., 102; Southerland on Damages, 9; Black's Law Dictionary, 29.

The expression found in some of the opinions, that, on judgment by default the plaintiff is entitled to *some* damages, as in *Dougherly v. Stepp,* 18 N. C., 371, and *Parker v. House, supra,* was used in reference to a claim set up that no right of action had been established because no tortious entry had been shown and no actual damages proven, and was not made in reference to the quantum of damages nor intended to displace or impair the position that a judgment by default and inquiry only concludes as to plaintiff's cause of action and the right to recover nominal damages.

For the error indicated there must be a new trial, and it is so ordered.

New trial.