### G. C. GRAVES v. H. D. CAMERON.

(Filed 2 April, 1913.)

1. **Judgments by Default—Nominal Damages—Inquiry as to Measure of Damages—Evidence.**

    A judgment by default and inquiry for want of an answer establishes only the fact that some damages are recoverable, leaving the amount open to inquiry, with the burden on plaintiff to prove it, and the defendant may show that it is nominal only.

2. **Same—Action of Conversion—Mortgages—Novation.**

    Where damages are sought for the conversion of a mule sold under a registered chattel mortgage, and judgment by default has been obtained, it is competent for the defendant to show that the mortgagee has since taken from the mortgagor other security and had canceled the mortgage of record, this transaction amounting to a novation of the mortgage debt, which would operate as a discharge to the defendant from any obligation he owed the plaintiff by reason of the latter's lien, to the full value of the mortgaged mule.

WALKER, J., dissenting; ALLEN, J., concurs in dissent.

APPEAL by defendant from *Peebles, J.,* at September Term, 1912, of MOORE.

*U. L. Spence for plaintiff.*
*A. A. F. Seawell, Hoyle & Hoyle for defendant.*

CLARK, C. J. The plaintiff held a duly registered chattel mortgage upon certain personal property of one D. M. Sutton, including two mules. Defendant purchased one of these mules, and this action was begun March, 1910, against him for the conversion of the mule. At December Term, 1910, no answer

having been filed, judgment was taken by default and inquiry. At September Term, 1912, when the inquiry was executed before the jury, the plaintiff tendered the evidence of K. R. Hoyle and C. G. Petty to prove that in September, 1910, said Sutton then being in jail for disposing of the property, an arrangement had been made by which said Sutton executed a new mortgage upon real estate for the balance due upon the mortgage, in consideration of which the plaintiff agreed to cancel the chattel mortgage and drop the Cameron suit; that the chattel mortgage was marked "satisfied," and that Sutton, upon execution of the new mortgage upon the land, was discharged from jail.

This evidence should have been admitted. If it had been believed by the jury, there was a novation of the debt by Sutton and a release of any liability as to Cameron. The latter should have appeared at December Term, 1910, and have pleaded a release. Not having done so, the judgment by default simply established that he had been guilty of a conversion of the mule, and that he was liable for the costs of the pending action. His Honor refused a motion at a subsequent term to set aside this judgment on the ground of excusable neglect. There was no appeal, and we must take it that the judgment refusing to set aside was correct. But the judgment by default and inquiry settled only one thing, which was that the defendant converted to his own use a mule upon which the plaintiff held a lien at the date of the conversion, as alleged in the complaint. *Blow v. Joyner,* 156 N. C., 140, and numerous cases there cited; *McLeod v. Nimocks,* 122 N. C., 437; *Stewart v. Bryan,* 121 N. C., 46; 23 Cyc., 752; Black on Judgments, sec. 91.

In order to recover more than nominal damages, the plaintiff was called on to prove the amount of his lien or debt at the date of the trial, not to exceed the value of the property converted. *Parker v. House,* 66 N. C., 374; *Parker v. Smith,* 64 N. C., 291. In *McLeod v. Nimocks, supra,* it was held that a judgment by default for the conversion of cotton was not conclusive as to the number of bales converted. In *Parker v. House, supra,* it was held in an action upon a constable's bond

for failure to exercise due diligence in collection of claims placed in his hands as an officer, that the judgment by default in no wise settled the matter of damages, but that defendants at the trial could show that the debtors were insolvent, for the reason that in such case the diligence of the constable would not have availed the plaintiff and his damages would have been nominal.

The principle governing as to judgments by default and inquiry, as stated in the above cited cases and others, is that in actions sounding in damages a judgment by default merely fixes the fact that the plaintiff has a good cause of action of the kind pleaded; but the plaintiff must establish by evidence upon the trial of the inquiry every fact bearing upon the amount of damages, else he cannot recover more than nominal damages and costs.

In this case the plaintiff could recover damages only for such amount as was due upon the lien at the time of the trial, not exceeding the value of the mule. That amount was not a matter of law, and therefore could not have been established by the judgment by default, but must be proven at the trial upon the inquiry to assess the damages, and were such damages as was shown by evidence to exist at such trial. The judgment by default merely established as a matter of law that the defendant had been guilty of a conversion of the mule, and was liable for nominal damages and the costs. When it came to the establishment of the amount due, before the jury, the burden was upon the plaintiff to prove the amount of damages then due him, and it was competent for the defendant to show that there were no damages due, because prior to such trial he had paid the damages, or, as in this case, had been released by the agreement entered into for the cancellation of the chattel mortgage, the novation of the debt by Sutton, and the release of the defendant Cameron from liability.

*Lee v. Knapp,* 90 N. C., 171, differs from this case in that there the offer was to prove on the inquiry of damages in the action that there had never been any liability on the part of the defendant nor any cause of action against him. Here the defendant admits that the default judgment establishes that

there had been such liability and the cause of action. But it was competent for the defendant to prove, as he offered to do, that there was no liability beyond the costs, by reason of the release of defendant from such damages prior to the trial of the inquiry as to the damages. He does not claim that the action is barred, but that the plaintiff cannot recover damages which he released before the trial to determine the amount of damages came on.

Error.

WALKER, J., dissenting: My opinion is that the transaction between the parties, by which the former mortgage was satisfied and canceled, with a stipulation that this suit should be dismissed, was a bar in law to the further prosecution of this action, and, therefore, was not such matter as could be proved in diminution of damages upon the execution of a writ of inquiry. If it had been duly and properly pleaded, the court would have dismissed this action. As said at this term, in *Patrick v. Dunn,* 162 N. C., by *Justice Allen:* "Evidence in bar of plaintiff's right of action is not admissible on an inquiry as to damages," citing *Blow v. Joyner,* 156 N. C., 140. Plaintiff could not, therefore, upon the facts, have a judgment even for nominal damages and costs. Having settled his cause of action, there was nothing left to try, and he would have been dismissed from the court, with costs to defendant. *U. S. v. Chouteau,* 102 U. S., 603; *Parker v. Riley,* 21 Ga., 427; *Kohn v. Zimmerman,* 34 Iowa, 544. It was held in *Parker v. Riley, supra,* that where a cause of action is compromised, and settled, the remedy is on the contract of compromise, not on the original cause of action, and the pending action can proceed no further. The general rule is that it will be dismissed at plaintiff's cost.

JUSTICE ALLEN concurs in this dissenting opinion.