DRY MILK CO. v. DAIRY PRODUCTS CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

1. PLEADING ⟨⊶⟩95—INCORPORATION OF DENIALS BY REFERENCE—STATUTE—"DENIAL."

Under Code Civ. Proc. § 500, providing that an answer shall contain a general or a specific denial, or a statement of any new matter constituting a defense or counterclaim, where in each of his alleged defenses and counterclaims defendant, in an action to foreclose a mortgage, recited that he repeated "all the allegations hereinbefore contained as if the same were here specifically repeated and realleged," such recital did not bring into the defenses the denials previously written in the answer, since a "denial" is not an allegation.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 193; Dec. Dig. ⟨⊶⟩95.

For other definitions, see Words and Phrases, First and Second Series, Denial.]

2. CORPORATIONS ⟨⊶⟩477—MORTGAGE—CONSENT OF STOCKHOLDERS—STATUTE.

Under Stock Corporation Law (Consol. Laws, c. 59) § 7, providing that when a recorded mortgage of a company recites that it has been duly consented to or authorized by the stockholders, such recital shall be presumptive evidence that the execution of such mortgage by the stockholders was duly and sufficiently consented to, a realty mortgage, executed by a corporation, and reciting that it was executed and the seal

attached by the president and secretary thereto, duly authorized by the board of directors and the unanimous consent of the stockholders, was prima facie valid, irrespective of any special meeting of the stockholders to authorize its execution being held, or the assent in writing of the holders of not less than two-thirds of the capital stock obtained, or a certificate of such consent filed in the county clerk's office, as required by Stock Corporation Law, § 6.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1857–1863, 1865–1869; Dec. Dig. ☞477.]

3. MORTGAGES ☞298—DEFENSES—PAYMENT.

Where a chattel mortgagee, holding a realty mortgage by assignment to which the chattel mortgage was collateral, seized property of the mortgagor under the chattel mortgage, which depreciated in its hands, the value of the property in the assignee's suit to foreclose the realty mortgage will be treated as payment thereon.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 836–854, 864, 871; Dec. Dig. ☞298.]

4. MORTGAGES ☞415—DEFENSES—DIVERSION OF COLLATERAL.

Where a chattel mortgage covered personalty as collateral to a realty mortgage, and such property was in possession of the mortgagor when the realty mortgage fell due, and the mortgagees allowed the property to be taken and sold by the receiver of the mortgagor and the proceeds diverted from the mortgage, such facts were no defense to an assignee's suit for foreclosure of the realty mortgage, since, so long as the proceeds of the property went to the creditors of the mortgagor, it was not damaged.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1210–1224; Dec. Dig. ☞415.]

Appeal from Special Term, Chenango County.

Action by the Dry Milk Company against Charles Schmidt and others. From an interlocutory judgment overruling its demurrer to the alleged defenses and counterclaims in the named defendant's amended answer, plaintiff appeals. Judgment reversed as to all defenses except one, and affirmed as to the latter.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

Gillespie & O'Connor, of New York City (William F. Delaney, of New York City, of counsel), for appellant.

George H. Smith, of Monticello (Julien Scott, of Bainbridge, of counsel), for respondent.

JOHN M. KELLOGG, P. J. [1] Plaintiff, as assignee, brings this action to foreclose the real estate mortgage given by the defendant Dairy Products Company, of New York. The defendant Schmidt, who purchased the property with the mortgage upon it, by his amended answer has set up certain alleged defenses, the plaintiff's demurrer to which has been overruled by the interlocutory judgment now under review. The opinion of the Special Term indicates that there is no doubt but some of the defenses would be demurrable were it not for the conclusion that the denials set forth in the first, third, fourth, and fifth paragraphs of the answer are incorporated into each of the alleged defenses. Each of the alleged defenses and counterclaims begin with

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

these words: "Said defendant repeats all the allegations hereinbefore contained as if the same were here specifically repeated and realleged." This provision does not bring into the defense the denials previously written in the answer. A denial is not an allegation. Section 500 of the Code of Civil Procedure provides that an answer shall contain a general or a specific denial, or a statement of any new matter constituting a defense or counterclaim. The statement of the new matter represents the allegations of the answer. There was no good reason why the pleader should incorporate into the seven answers all of the denials, thus repeating the same denials six times in the same pleading. The denial constitutes no part of the defense, although perhaps in certain cases a denial may accompany affirmative allegations. It is evident, therefore, that by using the word "allegations" in the various defenses, the pleader did not intend to refer to the denials; but if he intended to make such reference, he failed in his purpose. It is clear, therefore, that the denials are not a part of the alleged defenses. Pullen v. Seaboard Trading Co., 165 App. Div. 117, 150 N. Y. Supp. 719.

[2] One of the alleged defenses is that when the mortgage was executed no special meeting of the stockholders of the corporation was called; neither was the assent in writing of the holders of not less than two-thirds of the capital stock obtained, nor a certificate of such consent filed in the county clerk's office, as required by section 6 of the Stock Corporation Law. The allegation of the answer setting up a copy of the mortgage is incorporated into this defense, and the mortgage recites that it is executed and the seal attached by the president and secretary "thereto, duly authorized by its board of directors and by the 'unanimous' consent of the stockholders." Section 7 of the Stock Corporation Law provides that when a recorded mortgage recites that it has been duly consented to or authorized by the stockholders, such recital shall be presumptive evidence that the execution of such mortgage by the stockholders was duly and sufficiently consented to. The allegations of this amended answer are therefore unimportant; the mortgage being prima facie valid without regard to the matters stated. This alleged defense is numbered "Seventh," and is followed by the second separate and distinct defense. It is probable that the subdivisions of the answer marked "Second," "Sixth," and "Seventh" are intended together to set up that defense. While the demurrer is to the defense alleged in paragraph sixth, it is probable that the numbers "Second," "Sixth," and "Seventh" were intended not as separate defenses. On account of the confusion in the manner in which the answer is numbered, no injustice is done by treating this demurrer as applying to the allegations of the answer marked "Second," "Sixth," and "Seventh" as one single defense.

[3, 4] The fifth alleged defense indicates that the plaintiff's assignee had a chattel mortgage upon 110,000 pounds of caseine of the value of $9,900, which mortgage was collateral to the mortgage now sought to be foreclosed; that the Caseine Company seized said property under its mortgage, with certain bags of the value of $165, and stored the same in its warehouse for over a year; that the caseine depreciated in quality and value by reason of storage, and the market price of caseine fell in

the open market, and it asks that the value of said caseine and bags at the time of seizure be applied upon the mortgage debt. The defense does not allege enough to show any liability upon the part of the Caseine Company for the loss in value on account of the storage and the decline in market value, but it may be treated as an allegation that the fair value of the caseine and bags should be treated as a payment upon the mortgage, and in that view said answer foreshadows a defense. The sixth alleged defense foreshadows that the mortgagee had a chattel mortgage on certain personal property as collateral to the mortgage in question, which property was in possession of the mortgagor when the mortgage became due, and that the mortgagees carelessly and negligently, and in disregard of their duties and the rights of the defendant, allowed said property to be taken and sold by the receiver of the Dairy Products Company and the proceeds diverted from the mortgage. There is no allegation as to the time said property was sold, and we cannot say that the mortgagor was injured so long as the proceeds of the property went to its creditors, and it does not appear that the defendant Schmidt at the time had any interest in the property. These allegations, therefore, do not constitute a defense.

We have examined the other alleged defenses set up in the answer, and find that none of them constitute a defense. Interlocutory judgment reversed as to all of the alleged defenses except the fifth, and as to that defense affirmed. The demurrer to the fifth defense overruled, with the usual permission to withdraw the demurrer or amend pleadings. No costs allowed. All concur.