J. Irwin Shapiro, J.
This is a motion for an order allowing to plaintiff’s attorney a counsel fee in the sum of $1,500 “ for services rendered by him in protecting the lien of the plaintiff’s mortgage in a certain proceeding brought by defendant Cinderella Homes, Inc. in the United States District Court, Eastern District of New York, in which proceeding the plaintiff was brought in as a party by said defendant, in a Chapter XI proceeding under the Federal Bankruptcy Act, and directing the Referee to Sell, under the judgment of foreclosure and sale in this action, to pay the sum awarded to plaintiff out of the proceeds of the sale of the mortgaged premises, this motion being made pursuant to paragraph 12 of the mortgage being foreclosed in this action ”. (Emphasis supplied.)
Paragraph 12 of the mortgage provides as follows :
That if any action or proceeding be commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per cent, per annum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursments and allowances shall prevail unaffected by this covenant. (Emphasis supplied.)
. There are numerous reasons, both substantive and procedural, why this application must be denied. In order for the mortgagee to be granted “reasonable counsel fees ” under paragraph 12 of the mortgage, it would have to appear (1) that the mortgagee was either made a “party” to an “action or proceeding”, *1029 other than an action to foreclose the mortgage or collect the debt secured thereby, or (2) that it became necessary in that action or proceeding for the mortgagee ‘ ‘ to defend or uphold the lien ’ ’ of the mortgage and that the counsel fees represented a sum ‘ ‘ paid by the mortgagee for the expense of any litigation to prosecute or defend the rights and lien created ’ ’ by the mortgage (emphasis supplied). The word “ litigation ” makes manifest that the 1 ‘ action or proceeding ’ ’ contemplated by the parties was a truly adversary one in the traditional sense. Plaintiff’s role in the chapter 11 proceeding (U. S. Code, tit. 11, § 701 et seq.) instituted by the mortgagor in the Federal court can hardly be said to have been that of an adversary in the usual sense. When served with the order of the Federal District Court restraining the sale on the judgment of foreclosure already obtained in this action, it did not become incumbent upon plaintiff to defend the “ rights and lien ” created by the mortgage. It was only sought by the mortgagor to have the property sold by the Federal court. Indeed, before obtaining a vacatur of the restraining order, plaintiff had consented to a sale of the mortgaged premises to a debtor of the mortgagor whose contract to purchase the property had been approved by the Federal court and its sale pursuant to such contract authorized. It was only after the purchaser rejected title because of the existence of certain restrictive covenants that plaintiff pursued its application to vacate the restraining order, which was granted, and sold the property through a Referee appointed by this court. The sum and substance of the foregoing is that on the merits plaintiff’s activity in the Federal court was not of the nature contemplated by paragraph 12 of the mortgage so as to entitle her to counsel fees. Even if there were substance to plaintiff’s contention, this motion still would not lie. Under paragraph 12 of the mortgage, the mortgagee, when the facts fit, can recover ‘ ‘ all sums paid by the mortgagee ’ ’. There is no contention on this motion that plaintiff paid anything to her counsel by way of fees or expenses by reason of the stay issued against her in the chapter 11 proceeding.
From a strictly procedural standpoint, it would appear that to permit recovery on a motion in this action to foreclose a mortgage (which, indeed, has already proceeded to judgment and sale) would be to fly in the face of the concluding sentence of paragraph 12 of the mortgage, which provides that “ In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall *1030 prevail unaffected by this covenant.” In this action, therefore, which is for one of the two purposes specified, plaintiff is limited to recovering the “ costs, disbursements and allowances ” provided by law. (Cf. Greenwich Sav. Bank v. 592 Seventh Ave. Realty Corp., N. Y. L. J., Sept. 17,1946, p. 482, col. 2.)
The motion is accordingly denied.
Submit order.