Richard D. Simons, J.
This is a special proceeding under CPLR article 26 and section 22 of the Condemnation Law to adjust the claim of the petitioner, a first mortgagee, to condemnation proceeds presently held by the court[1]. The pending foreclosure action has been consolidated with this proceeding.
Contemporaneously with the application, the petitioner has moved to dismiss the answers and for summary judgment for the relief demanded in the petition. The respondent trustee in bankruptcy of the G-old Medal Packing Corporation has asserted several affirmative defenses and counterclaims by way of setoffs to the petitioner’s claim.
On the return date, the court reserved decision on the motions, ordered the setoffs and counterclaims tried separately by Trial Term and received the proof with respect to the mortgagee’s claim, without prejudice to the setoffs and counterclaims if it should be determined that the same were legally sufficient.
The parties have stipulated that the mortgagee is the owner of a mortgage against the premises of the bankrupt which has been in default since January 1, 1963; that at that time, there was a principal due and owing of $181,330.36 and that no interest has been paid on the principal as provided by the mortgage since January 1, 1963. It is also stipulated that the mortgagee has paid insurance expenses called for under the terms of the mortgage from its own funds in the amount of $6,514.05 at various times from October, 1963 through June 5, 1965, the specific dates being shown by exhibits introduced and received in evidence. It was stipulated that the mortgagee advanced to the receiver appointed by order of this court, the sum of $17,102.76 for expenses in connection with management of the property and that those sums were used for legally allowable expenses in connection with the receivership.
The mortgagee also makes a claim for attorneys’ fees incurred in protecting its interest under the mortgage in accordance with *724 paragraph 12 of the mortgage instrument. The specifics of those fees and services have been held subject to proof after determination of the motions.
The right of a mortgagee to insure the premises if the mortgagor fails to do so and to add the amount of such payments to the debt is too clearly established to require discussion. (Real Property Law, § 254, subd. 4; 38 N. Y, Jur., Mortgages, § 312.)
The cost of litigation is an expense which is not normally compensable beyond taxable costs. (13 N. Y. Jur., Damages, § 143.) However, the right of the mortgagee to recover reasonable attorneys’ fees is generally recognized if so provided in the mortgage instrument and not proscribed by statute. (Security Mtge. Co. v. Powers, 278 U. S. 149; Matter of American Motors Prods. Corp., 98 F. 2d 774 [C.C.A. 2d]; Bowery Bank v. Mart, 37 Misc. 412, revd. other grounds 77 App. Div. 121 j Spadaro v. Chenango County Nat. Bank, 156 Misc. 230; 13 N. Y. Jur., Damages, §§ 144, 146; 15 Carmody-Wait, New York Practice, 2d, § 92:506; 59 C. J. S., Mortgages, § 178, subd. d; § 598, subd. b.)
Paragraph 12 of the mortgage provides that reasonable attorneys ’ fees shall be included as a lien upon the property and part of the debt if such attorneys’ services were necessary in any proceeding or action to defend or uphold the lien of the mortgage, except in an action to foreclose the mortgage. [2] This same provision has been construed to mean that the legal expenses must be rendered in an adversary proceeding other than an action to collect the debt or foreclose the mortgage and represent actual payments by the mortgagee. (Engelsberg v. Cinderella Mornes, 20 Misc 2d 1027.) The fee is allowable only to the extent it represents reasonable indemnity for protecting the mortgagee’s lien from attack.
*725 With reference to this claim, legal services were performed for the mortgagee in (1) the foreclosure action, (2) the mortgagor’s bankruptcy proceedings, and (3) the condemnation action which resulted in this special proceeding.
The sums expended for legal services and expenses in the foreclosure action are not compensable under the express terms of the mortgage clause. Mortgagee claims that that encompasses only ordinary actions and not one where defenses are asserted as was the case here. But the mortgage also recites that the provisions of law for costs and allowances are td prevail. CPLR 8303 (subd. [a], par. 2) specifically covers the case where defenses are interposed. The mortgage must be construed to limit the fees to statutory allowances in the foreclosure action. None of the services rendered by Sheldon Damsky, Esq., the mortgagee’s prior attorney, are compensable. They included legal work only in connection with the foreclosure action and unrelated litigation.
As already noted, attorney’s fees cannot be recovered under the terms of the mortgage for proceedings in the foreclosure action, even when defenses are interposed. A question arises because of the counterclaims and setoffs interposed in this proceeding which are independent of the mortgage. Being unrelated to protecting the lien, no attorneys’ fees could be recovered if they were asserted in a separate action. The trustee’s right of recovery is entirely independent of the mortgage lien in the cause of action for fraud. The other counterclaims are directly related to the foreclosure action. The fact that the counterclaims have been asserted in this proceeding does not render the mortgagor’s estate vulnerable to a claim for attorneys’ fees by petitioner.
The extent or necessity of mortgagee’s participation in the bankruptcy proceeding for purposes of defending its lien would appear to be negligible. (Engelsberg v. Cinderella Homes, supra.) The mortgagee was not a party to an adversary proceeding in the traditional sense of that term requiring defense of its lien. The bankruptcy proceedings involved an involuntary petition and litigation over the proper forum to adjudicate mortgagee’s lien. Services performed and incidental to the condemnation hearing appear to suffer from the same infirmity. The mortgagee’s rights were recognized and it was made a party to the condemnation proceeding. The mortgagee’s lien attached to the proceeds immediately upon transfer of title. (Utter v. Richmond, 112 N. Y. 610.) The only purpose for participation would be to insure an adequate award and this was unnecessary since the preliminary offer exceeded the mortgage debt by over $100,000.
*726 There were extensive proceedings both in this court and the Federal court with respect to the proper forum for adjudicating the parties’ rights. It appears that petitioner’s rights would be the same in either case. Those services should not be compensated under the mortgage clause. The attorneys were engaged in that ancient lawyers’ sport of forum shopping. That is the option of the parties but the mortgagor’s estate should not be forced to bear the expense.
In short, it would appear the legal expenses incurred were either necessarily incidental to the foreclosure action, unnecessary to the preservation of the petitioner’s lien except for relatively limited activity to insure payment and not requiring , full participation in the proceedings, or not compensable because not affecting petitioner’s lien. The full proof of the legal services has not been developed. It was to abide the court’s ruling on this motion. Proof will be taken to determine if any compensable services were performed consistent with this opinion. That hearing can proceed forthwith since it is determined that none of the services in this special proceeding are compensable. This is a proceeding to collect the debt.
With respect to the claim for reimbursement for receiver’s expenses, the receiver has not completed his duties or submitted any final accounting. He still holds in his hands chattels which have been appraised at a value exceeding the funds advanced by the mortgagee, although it should be noted that there is apparently a warehouseman’s lien in the process of being foreclosed. There is law in this State to the effect that such advances should be recognized on the settlement of the receiver’s accounts. (Knickerbocker Fed. Sav. & Loan Assn., v. 531 East 144th St., 39 Misc 2d 23; Bowery Sav. Bank v. 566 Amsterdam Ave., 32 Misc 2d 459.) It does not necessarily follow that advances voluntarily made by the mortgagee can be reimbursed, (cf. Fullbany Realty, v. Perkins, 16 Mise 2d 597.) These chattels have been held several years. No effort has been made by anyone to seek disposition and liquidation of them. They have remained in storage, accumulating expense. Presumably, the mortgagee was not liable for the expense it volunteered to pay. It took no action to force liquidation. While temporarily stayed from foreclosure for a few weeks, that order' was vacated February 10, 1965. Nothing prevented it from going forward after that date or from seeking court instructions. Broad general principles allowing a mortgagee to protect his security do not authorize him to charge the mortgagor’s estate with expense forever.
*727 The claim for reimbursement of receiver’s expenses is disallowed. The mortgagee must look to the receiver’s accounts for collection if there be any assets left upon settlement.
The trustee’s answer to the mortgagee’s petition sets up these affirmative defenses:
1. That the mortgagee, by appointment of a receiver, took into its custody all personal property and chattels of the mortgagor, that said chattels at that time exceeded the value of $300,000, that the mortgagee has failed to liquidate the assets, to the substantial loss of the property, and that said loss is chargeable against the mortgage debt.
2. The defense of partial payment was withdrawn by the trustee in bankruptcy at the time of trial.
3. The receiver took over the personal property on June 12, 1963 and allowed the same to deteriorate and depreciate, to the loss of the owners and subsequent lienors, and is chargeable for that loss.
4. That such loss sustained by neglect to the personal property exceeds the amount of the mortgage debt and should be subtracted from it.
5 and 6. Constructive fraud on the part of the officers of the petitioner who were at the same time officers and directors of the bankrupt.
The Appellate Division has affirmed a trial court ruling that the chattel mortgages in this case constituted collateral security and that the doctrine of marshaling of assets could not be pleaded as an affirmative defense to the foreclosure action. (Cf. Chicago Dressed Beef Co. v. Consolidated Sheet Metal Works, 19 A D 2d 862. See, generally, 36 N. Y. Jur., Marshaling, § 13.)
The trustee is now alleging that the mortgagee’s debt must be diminished by any loss sustained by the chattels while they were in the possession of the receiver, by referring to the holding in Harrison v. Hall (239 N. Y. 51). But a mortgagee need not elect between foreclosing the real or chattel mortgages he holds as security. (59 C. J. S. Mortgages, § 507; 1 Wiltsie, Mortgage Foreclosure [5th ed.], § 155.) Even when there has been a loss sustained in the handling of the chattels, that may not be offset in the absence of fault on the mortgagee’s part. (Dry Milk Co. v. Dairy Prods. Co., 171 App. Div. 296; 2 Wiltsie, Mortgage Foreclosure [5th ed.], § 627.)
The mortgaged personalty has not and never was in the possession of the mortgagee. It did not elect to retake the chattels and had no power or authority over them in any respect once the receiver was appointed. At all times the property has *728 been in the sole and exclusive custody of the receiver, an officer of this court The mortgagee could not compel him to sell the chattels or liquidate the assets or force him to take any action whatsoever in respect to his duties. (Cf. 15 Carmody-Wait New York Practice, 2d, § 92:482 et seq.) Without the authority to do so, petitioner cannot be charged for any alleged loss sustained by receiver’s delay in liquidating the claims (3 Jones, Mortgages [8th ed.], § 1954).
The first, third and fourth affirmative defenses and counterclaims are dismissed.
The trustee’s fifth and sixth affirmative defenses and counterclaims allege generally the wrongful diversion of assets of the bankrupt, Gold Medal Packing Corporation, to the petitioners at a time when various members of the Jacobson family were officers and directors and held controlling stock interests in both corporations. The wrongful acts alleged occurred during the years 1961 and 1962, subsequent to the execution of the mortgage and present no defense to the mortgage claim as such. (Chicago Dressed Beef Co. v. Gold Medal Packing Corp., 22 AD 2d 1010.)
They may, however, allege a valid counterclaim or setoff against the petitioner Chicago Dressed Beef Company, Inc., if, as transferee, it was chargeable with knowledge of the transfers or guilty of complicity in the alleged fraudulent acts. To that extent, the counterclaim may be asserted in view of the broad principles of adjudicating the rights of the parties in one action, stated in CPLR 601, 3019, even though the Jacobsons are not parties to this proceeding.
The opposing papers submitted by the trustee on this motion for summary judgment are general and fail to set forth the evidentiary necessaries required by the statute. They do state that most of the particulars as to fraud are not within the trustee’s knowledge. Mindful of the fact that the court denied a motion for examination before trial into those details so that the hearing on the mortgagee’s claim would not be delayed by extended pretrial procedures, and that such an examination may produce evidence sufficient to substantiate the trustee’s claim, the motion for summary judgment dismissing the fifth and sixth affirmative defenses and counterclaims is denied without prejudice to renewal of the motion upon conclusion of all pretrial proceedings. The fifth and sixth counterclaims are referred to Trial Term for separate trial of those counterclaims.
Submit order on notice. Petitioner shall file a reply to respondent’s counterclaims and setoffs within 10 days of service of the order herein together with notice of entry. (CPLR 3024, subd. [c].)

 cf. City of Utica v. Gold Medal Packing Corp. (52 Misc 2d 968) and Schmitt v. Blackwelder (379 F. 2d 278 [C.A. 2d]) for related cases.

 12. That if any action or proceeding he commenced (except an action to foreclose this mortgage or to collect the debt secured thereby), to which action or proceeding the mortgagees are made parties, or in which it becomes necessary to defend or uphold the lien of this mortgage, all sums paid by the mortgagees for the expense of any litigation to prosecute or defend the rights and lien created by this mortgage (including reasonable counsel fees), shall be paid by the mortgagor, together with interest thereon at the rate of six per centum, and any such sum and the interest thereon shall be a lien on said premises, prior to any right, or title to, interest in or claim upon said premises attaching or accruing subsequent to the lien of this mortgage, and shall be deemed to be secured by this mortgage. In any action or proceeding to foreclose this mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.